McCormick Harvesting Machine Company v. G. W.
Scott.*

Filed February 19, 1902.   No. 11,058.

Commissioner's opinion, Department No. 1.

1. General Appearance: Waiver. A general appearance without
   objection waives any defect in jurisdiction of person of
   defendant.

2. Right of Property: Trial Before Justice: Review. Proceedings
   before a justice of the peace on trial of right of property
   under sections 996, 997 and 998 of the Code of Civil Procedure,
   are reviewable on error.

Error from the district court for Greeley county. A
proceeding under the statute (sections 996, 997 and 998
of the Code of Civil Procedure) for a trial of the right
of property. Tried below before Kendall, J. Judgment
for plaintiff below (Scott), and the defendant company
brings error. *Affirmed.*

*O'Neill & Gilbert* and *Ganoe & Howard*, for plaintiff in
error.

*John R. Hanna* and *G. W. Scott, contra.*

Hastings, C.

In this case there seem to be only two questions raised:
First, whether an objection that no notice was served on
an attaching plaintiff of a trial of right of property in
goods attached can be raised after the attachment creditor
has appeared at the hearing without objection, has taken
error from an adverse decision to the district court, and
from that court to this only; second, whether the district
court has any jurisdiction to entertain proceedings in
error from a judgment in such a proceeding to try right
of property.

There would seem to be no difficulty in either question.
The first is simply whether in our practice there is any

* Rehearing allowed. See opinion, p. 481, *post.*

such thing as waiver of objection to jurisdiction of person. If there can be it seems that there certainly was in this case. It is conceded that plaintiff in error participated without objection on this ground at the original hearing. In fact the first step by plaintiff in error at that hearing was to file a general affidavit for continuance. This was a general appearance and waived any defect in the notice. *Plano Manufacturing Co. v. Nordstrom,* 63 Nebr., 123.

The answer to the other question seems equally plain. The attaching creditor having secured a reversal of the decision of the justice of the peace, the matter was set down for hearing in the district court, and another adverse decision reached. It is now sought to reverse this on the ground that no jurisdiction attached to the district court by reason of the proceedings in error, because these proceedings to ascertain the right of property as to goods taken on execution or attachment are summary and not reviewable. The numerous instances in which they have been reviewed on error in this court certainly would indicate the contrary, and in *State v. Powell,* 10 Nebr., 48, 50, it is expressly declared that appeal in such cases will not lie, but error proceedings will. It is difficult to see how the judgment in this proceeding can fail to come within the terms of section 580 of the Code of Civil Procedure, allowing the review of judgments and final orders made by justices of the peace. The statute expressly authorizes a judgment for costs and execution therefor against the attaching creditor. This would seem to be final enough.

It is therefore recommended that the judgment of the district court be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

November 19, 1902, the following opinion on rehearing was filed. *Judgment below affirmed in part:*

Commissioner's opinion, Department No. 3.

1. **Right of Property: Trial Before Justice: Judgment.** In proceedings for the trial of the right of property, under section 996 *et seq.*, Code of Civil Procedure, the only judgment a justice is authorized to render is a judgment for costs.

2. ———: **Order: Its Character and·Purpose.** ·The order therein provided of the justice of the peace to the officer, directing restoration of the property, is not a judicial order, but merely the means of apprising the officer of the result of the inquisition.

3. ———: **Reversal of Justice Judgment in District Court: Jurisdiction to Render Judgment Limited: Void Judgment.** Upon a reversal in the district court of a judgment of a justice of the peace rendered in such proceedings, the district court has jurisdiction to hear and determine the issues, but its jurisdiction to render judgment is limited, as that of a justice of the peace, to a judgment for costs, and a judgment for a release of the property from the levy, and a restoration thereof to the claimant, is unauthorized and void.

Albert, C.

The plaintiff in error, whom we shall hereafter call the plaintiff, brought an action, aided by attachment, in the county court of Greeley county, against certain persons not parties to this record. The defendant in error, whom we shall hereafter call the defendant, claimed the property seized under the writ and began proceedings before a justice of the peace for a trial of the right of property, under the provisions of section 996 *et seq.* of the Code of Civil Procedure. Such trial resulted in a finding in favor of the claimant, upon which the justice of the peace rendered the following judgment: "It is therefore considered by me that the said Luke Finn, sheriff, release from said levy and return to said G. W. Scott said property, and that said G. W. Scott recover from the defendant his costs herein expended, taxed at $3.10, as follows, per margin."

The plaintiff prosecuted error from the judgment of the justice of the peace to the district court, where such judg-

37

ment was reversed. The district court then, over the plaintiff's objections to the jurisdiction of the district court over the subject-matter where such judgment was reversed, set the case down for trial. A trial was had, and upon a finding in favor of the defendant, the district court rendered the following judgment: "It is therefore considered, and adjudged by the court that the said Luke Finn, sheriff of said Greeley county, Nebraska, or his successor in office release said property from said levy and that the said Luke Finn as said sheriff, or his successor in office, and the said McCormick Harvesting Machine Company restore to said G. W. Scott, said property and that the said G. W. Scott recover of and from the said McCormick Harvesting Machine Company his costs herein expended taxed at $———." The plaintiff brings this case here on error. The case is before us on rehearing. The former opinion is reported on page 479, *ante.*

The contention of the plaintiff, as we understand it, is that the district court had no jurisdiction to hear and pass upon the evidence as to the right of property. The provisions of the Code of Civil Procedure under which the proceedings were had, are as follows:

"Sec. 996. When a constable or sheriff shall levy on or attach property claimed by any person or persons other than the party against whom the execution or attachment issued, the claimant or claimants shall give three days notice, in writing, to the plaintiff or his agent, or if not found within the county, then such notice shall be served by leaving a copy thereof at his usual place of abode in such county, of the time and place of the trial of the right to such property, which trial shall be had before some justice of the county, at least one day prior to the time appointed for the sale of such property.

"Sec. 997. If, on the trial, the justice shall be satisfied from the proof that the property, or any part thereof, belongs to the claimant or claimants (or in case when a jury is demanded, the jury shall so find), such justice shall render judgment against the party in whose favor such

execution or attachment issued for the costs and issue execution therefor, and shall, moreover, give a written order to the officer who levied on, or who may be charged with the duty of selling such property, directing him to restore the same, or so much thereof as may have been found to belong to such claimant or claimants.

"Sec. 998. But if the claimant or claimants fail to establish his or their right to such property, or any part thereof, the justice shall render judgment against such claimant or claimants for the costs that have accrued on account of such trial, and issue execution therefor; and the officer shall not be liable to the claimant or claimants for the property so taken."

It will be observed that the only judgment authorized by the foregoing provisions, is a judgment for costs. It is true section 997 provides for a written order to the officer who levied the writ, or who may be charged with the duty of selling the property, to restore the same. But the proceedings are principally for the protection of the officer, who may obey or ignore such order as he may see fit. *State v. Gillespie,* 9 Nebr., 505. From these considerations, it seems clear to us that such order is not judicial in the sense that error will lie therefrom, but is ministerial, and intended merely to apprise the officer of the result of the inquisition, and that the only judgment the justice of the peace had jurisdiction to render was a judgment for costs. When the record of the justice of the peace was presented to the district court, the first question to be determined was whether the judgment of the justice of the peace was erroneous. That question was resolved in favor of the plaintiff, whereupon, as required by section 601, Code of Civil Procedure, the court rendered a judgment of reversal, and for the costs that had accrued up to that time, in favor of the plaintiff. The plaintiff insists that the jurisdiction of the district court in the premises ended with the judgment of reversal. We do not think so. Section 601, *supra,* also provides that on a judgment of reversal, the cause shall be retained for trial and final judg-

ment, as in cases of appeal. It is true we may conceive of cases where a judgment of reversal would end the case, as when the judgment of the inferior court is reversed for jurisdictional defects going to the entire judgment. But that is not this case. There was a general appearance on the part of the plaintiff before the justice of the peace. The justice had jurisdiction to render judgment against the plaintiff for costs, as the result of an inquiry he was authorized to make. It does not follow from the judgment of reversal that such judgment would not have been proper on a due hearing on the merits. It merely leaves such inquiry undetermined, and to be determined, we think, by the district court, by virtue of the provisions of section 601, *supra.* Section 998, *supra,* provides that if the claimant fails to establish his right to the property, the officer shall not be liable to him for the property taken. The proceedings are conclusive upon him in the event of his failure. *Storms v. Eaton,* 5 Nebr., 453; *Bray v. Saaman,* 13 Nebr., 518. It would be manifestly unjust that he should be concluded by a bare judgment of reversal, without a hearing on the merits. But in proceedings under the provisions of section 996 *et seq., supra,* the district court has no original jurisdiction. Hence in this case, after the judgment of reversal, its jurisdiction was limited to such judgment as the justice of the peace had jurisdiction to render in the first instance, which we have seen was a judgment for costs only. It follows, therefore, that the judgment of the district court, so far as it provides for a release of the property, and its restoration to the defendant, is void.

It is therefore recommended that such part of the judgment of the district court as relates to a release of the property from the levy and its restoration to the defendant, G. W. Scott, be reversed, and that the judgment for costs be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, that part of the judgment of the district court as relates to a release of the property from the levy and its restoration to the defendant, G. W. Scott, is reversed, and the judgment for costs is affirmed.

JUDGMENT ACCORDINGLY.

NOTE—The procedure under sections 996, 997, and 998 is taken from the Ohio statute, Bates, Annotated Statutes, secs. 6573, 6574, 6575. The finding of the jury is only conclusive against the claimant's right to sue the sheriff. *Patty v. Mansfield*, 8 Ohio, 369; *Ralston v. Owrsler*, 12 Ohio St., 105. The proceeding must be at the instance of the claimant. *Jones v. Carr*, 16 Ohio St., 420.

A similar provision exists in the state of New York.

Although there is no express adjudication on the point, the general language of text authorities is that an inquisition by a *sheriff's jury* will excuse the sheriff from a return *nulla bona* and repel the charge of false return. Dalton, Sheriff, 146; *Bayley v. Bates*, 8 Johns. [N. Y.], *184, *188.

The authorities make a distinction between an action against the sheriff for taking goods not belonging to the defendant in the execution, and an action against him, by the party in the execution, for returning *nulla bona*, upon the strength of such inquisition. *Townsend v. Phillips*, 10 Johns. [N. Y.], *98.

If the jury find the goods are not the debtor's, the execution may then be returned *no goods found;* and the constable is justified in making that return, unless an indemnity be then tendered by the creditor; and in case it is, the constable is bound to proceed and sell, notwithstanding the finding of the jury. *Curtis v. Patterson*, 8 Cow. [N. Y.], 65; *Van Cleef v. Fleet*, 15 Johns. [N. Y.], 147.

The officer acts at his peril in making a return of *no goods found*, before the jury have passed on the question of title; and, if sued for making a false return, the burden is on him to show property in another than the defendant, thus proving his return true. *Van Cleef v. Fleet, supra; Magne v. Seymour*, 5 Wend. [N. Y.], 309 to 311. If the jury find the goods levied on are the debtor's, the constable must proceed to sell, and the verdict will protect him from punitive damages. *Townsend v. Phillips*, 10 Johns. [N. Y.], 98.

Where goods are in the hands and under the control of the defendant in the execution, and they are pointed out as his property to the constable, by the creditor, the constable is bound to levy on them without indemnity; and if he neglects to do so, and the goods are removed beyond his reach, he will have to respond in damages. *Williams v. Lowndes*, 1 Hall. [N. Y.], 579; *Camp v. Chamberlain*, 5 Denio [N. Y.], 198, 203.

If, after the levy, a claim is interposed to the goods by a third person, the constable should proceed to call a jury. *Williams v. Lowndes* and *Camp v. Chamberlain, ubi supra.*

The necessity for calling a jury may be dispensed with by taking a bond of indemnity from the creditor in the first instance, if he is willing to give it. Such bond, even if executed before the levy, is valid. Opinion by Roosevelt, J. *Chamberlain v. Beller,* 18 N. Y., 115.

It would be equally valid, when executed after the levy and sale. *Westervelt v. Frost,* 1 Abb. Pr. [N. Y.], 74.

A bond given to indemnify a wilful act of trespass, is void as in contravention of public policy. The test of the consideration is the good faith of the transaction. *Coventry v. Barton,* 17 Johns. [N. Y.], *142, *144; *Stone v. Hooker,* 9 Cow. [N. Y.], *154; *Elliston v. Berryman,* 15 Adol. & E. [Eng.], 205; *St. John v. St. John's Church,* 15 Barb. [N. Y.], 346; *Allaire v. Ouland,* 2 Johns. Cas. [N. Y.], *52, *56.

A sheriff has no authority to institute a proceeding for the trial of right of property. This is the exclusive right of the claimant. *Storms v. Eaton,* 5 Nebr., 453.

The verdict in a proceeding for the trial of the right of property concludes the claimant's right to sue the sheriff. *Storms v. Eaton, supra; Bray v. Saaman,* 13 Nebr., 518.

The statutory remedy for the trial of the right of property seized by attachment or execution, is not exclusive. Replevin will lie. *Scott v. McGraw,* 3 Wash. [St.], 675.

The responsibility which is assumed by a sheriff in making a levy upon chattels, must be patent to the most superficial observer. The Charybdis is the risk of a suit in the nature of trespass or trover; the Scylla is an action on the case for making a false return of *nulla bona.* The statutory trial by a *sheriff's jury,* is for the protection of the sheriff. The fact that no bond is required (as in replevin) is for the benefit of indigent claimants.—W. F. B.