SWING *v.* BRINKLEY CAR WORKS & MANUFACTURING COMPANY.

Opinion delivered March 17, 1906.

APPEAL—PRESUMPTION.—In the absence of a bill of exceptions, it will be presumed that the court's findings of fact were based on the evidence, where there is nothing in the record to rebut that presumption.

Appeal from Monroe Circuit Court; *George M. Chapline,* Judge; affirmed.

*Thomas & Lee* and *J. W. & M. House,* for appellant.

The judgment of the court below discloses error on its face. It was not necessary that the defendant be made a party to the action in which the decree of assessment was made. It was error to hold that, by the terms of the policy and the by-laws indorsed thereon, the defendant was not liable beyond the cash premiums paid; and it was also error to hold that the judgment of the Supreme Court of Ohio was of no force and effect as against the defendant. 131 U. S. 319-36; 135 U. S. 533-49; 162 U. S. 329; 91 U. S. 45; 146 U. S. 705; art. 4, § 1 Const. U. S. Where error appears upon the face of the record, neither a bill of exceptions nor a motion for new trial is necessary. 36 Ark. 461; 26 Ark. 536; *Ib.* 662; 43 Ark. 398; 34 Ark. 684; 32 Ark. 154; 37 Ark. 544; 39 Ark. 258; 47 Ark. 230; 46 Ark. 17; 57. Ark. 370; 61 Ark. 33; 62 Ark. 338.

*C. F. Greenlee,* for appellee.

This cause should be affirmed for failure to file the bill of exceptions in time. A note being a prerequisite to membership in the company, appellee never became a member thereof. The contract, if made, was with a foreign insurance company attempting to transact business in this State in violation of its laws, and the action can not be maintained. 58 L. R. A. 223, and cases cited; 63 N. W. 408; 59 N. W. 290; 55 Ill. 86; 68 N. W. 1065; 77 Fed. 42; 37 N. E. 834.

BATTLE, J. "The appellant, James B. Swing, a trustee, etc., brought this suit in the Monroe Circuit Court on April 9, 1902, against the Brinkley Car Works & Manufacturing Company, and alleged in substance that he is the trustee for the creditors of the Union Mutual Fire Insurance Company, of Cincinnati, Ohio, and that said Brinkley Car Works & Manufacturing Company was a corporation organized under the laws of the State of Arkansas; that said insurance company had been duly incorporated under the laws of Ohio, and that the Supreme Court of Ohio had disincorporated said insurance company and appointed the plaintiff-appellant trustee for the creditors of said insurance company; that he accepted the trust, and brought this suit by order of the court appointing him. That said insurance company was a mutual one, organized under the laws of Ohio, and that section 3650 of the Revised Statutes of Ohio provided:

'Every person who effects insurance in a mutual company and continues to be insured, and his heirs, executors, administrators and assigns, shall hereby become members of the company during the period of insurance, shall be bound to pay for losses and such necessary expenses as accrue in and to the company in proportion to the original amount of his deposit note or contingent liability.'

"That said insurance company was doing business in the years 1889 and 1890, and that said defendant accepted from said insurance company two policies of insurance, No. 1745 for $2,000, held in force from February 1, 1889, to February 1, 1890, and policy No. 3914 for $2,000, held in force from February 1, 1890, to December 19, 1890. That the contingent liability to assessment of said defendant on said policies under the by-laws of said company, and under the statutes of Ohio and under the decree of the Supreme Court of Ohio, was and is five times the agreed annual premium, viz.: $700. That, by accepting and holding said policies, said defendant effected insurance in said insurance company during the time and in the amount aforesaid, and that by reason thereof said defendant became a member of said insurance company, and became legally and equitably liable for defendant's just proportion of all unpaid losses and expenses incurred by said insurance company during the time said defendant held its said policies, and to pay such percentage on the amount of said contingent liability to assessment of said defendant's said policies, as should be required by law. That the Supreme Court of Ohio, on June 11, 1901, rendered a decree, in which it fixed and determined the rate of liability of each member of the insurance company for losses and expenses in various periods of time. That said defendant, on or about December 9, 1901, was duly notified according to law by said trustee to pay said assessment, but that it refused to do so and has paid no part thereof, and alleges that there is due said trustee from said defendant on said assessment, the sum of $651.47, with interest thereon from January 9, 1902, and prays judgment for said sum. And afterwards, on May 13, 1902, the defendant filed its answer, admitting that defendant is a corporation organized under the laws of Arkansas, and denying that it accepted said policies, and that its contingent liability was $700; and saying that, if such policies were issued to defendant,

they were not taken or accepted by authority or consent of defendant; and that defendant was not organized for the purpose of engaging in the insurance business; and that, if defendant did accept said policies, it did it in violation of the laws of the State of Arkansas set forth in section 1328 of Sandels & Hill's Digest."

The following judgment was rendered in this action:

"On this day, this cause coming on to be heard, the plaintiff appeared by Messrs. Thomas & Lee and P. A. Reece, Esq., and defendant by C. F. Greenlee, Esq., and, both parties announcing themselves ready for trial, this cause is submitted to the court sitting as a jury, upon the complaint, answer and exhibits, reply, agreed statement of facts and testimony adduced before the court, from which the court finds that the defendant is a member of the corporation, the Union Mutual Fire Insurance Company, of Cincinnati, Ohio. That, by the terms of the policy issued and the by-laws indorsed on the said policy, the defendant was not liable beyond the cash premium paid, and, having paid said premium in full on a policy issued for one year, and never having given a premium note, the judgment against said corporation is of no force and effect against the defendant; and the court finds that the defendant is not indebted to the plaintiff in any sum. It is therefore ordered and adjudged that the plaintiff take nothing, and that the defendant have judgment for all its costs herein expended."

Plaintiff appealed.

No bill of exceptions was filed in this case within the time prescribed by law or allowed by the court. We are left to determine from the findings of fact by the court whether the court committed any reversible error. It found that the appellee was not affected by the assessments made by the Supreme Court of Ohio against the Union Mutual Fire Insurance Company of Cincinnati, Ohio, because by the terms of the policy issued, and the by-laws indorsed thereon, the defendant was not liable beyond the cash premium paid, and because it paid the premium in full and never gave a premium note. The policy and by-laws are in no way made a part of the record, and we can not tell whether the court erred in its conclusions as to their effect. The presumption is in favor of the judgment of the trial court, and there is nothing in the record to remove that presumption.

Judgment affirmed.