## FOOHS *v.* BILBY.

Opinion delivered May 9, 1910.

1. ACTION—GENERAL APPEARANCE.—Any action on the part of a defendant, except to object to the jurisdiction, which recognizes the case as in court will amount to a general appearance. (Page 307.)

2. SAME—SUFFICIENCY OF APPEARANCE.—A nonresident defendant can not object on appeal that the trial court had no jurisdiction of his person for want of service of process where the record shows that his attorney "submitted a written argument or statement" to the trial court. (Page 307.)

3. JUDGMENT—APPLICATION TO VACATE JUDGMENT—EFFECT OF FORMER APPEAL.—The fact that a party against whom a judgment has been

rendered in the circuit court took an appeal therefrom and that the judgment was affirmed on appeal will not preclude such party from applying under Kirby's Digest, § 4431, subdiv. 7, to the circuit court at a subsequent term to vacate the judgment for unavoidable casualty which prevented the party from appearing at the trial. (Page 308.)

4. SAME—APPLICATION TO VACATE—EFFECT OF FORMER APPLICATION.—The fact that a party against whom a judgment has been rendered filed an application to vacate the judgment, under Kirby's Digest, § 4431, and dismissed this application without prejudice to a renewal of it will not preclude a second application filed within a year. (Page 308.)

5. SAME—APPLICATION TO VACATE—LIMITATION.—There is no statute limiting the time within which an application to vacate a judgment may be made under Kirby's Digest, § 4431. (Page 308.)

6. APPEAL AND ERROR—NECESSITY OF BILL OF EXCEPTIONS.—A bill of exceptions is necessary to bring into the record the facts admitted or proved on the trial. (Page 309.)

7. SAME—ABSENCE OF EVIDENCE—PRESUMPTION.—Where evidence was heard on the trial of a case which is not brought upon the record, it will be presumed that every fact necessary to sustain the finding and judgment of the court was proved that could have been proved. (Page 310.)

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

STATEMENT BY THE COURT.

Proceedings were instituted in the Arkansas Circuit Court by John Foohs against J. S. Bilby, under section 4431 of Kirby's Digest, to vacate a former judgment of said court. The original suit was brought by Bilby against Foohs in the Arkansas Circuit Court to recover a lot of staves manufactured from timber cut from land alleged to be owned by Bilby. The judgment of the circuit court was for Bilby, and Foohs appealed to this court. The judgment was reversed, and the cause remanded for a new trial. *Foohs* v. *Bilby,* 83 Ark. 234. The case was again brought to this court on appeal, and the judgment of the circuit court, which was in favor of Foohs, was affirmed on May 3, 1909. *Bilby* v. *Foohs,* 90 Ark. 297.

The judgment of the Supreme Court of Arkansas on the first appeal was rendered on the 17th day of June, 1907, and the mandate was filed in the office of the circuit clerk on the 13th day of August, 1907. At the November term, 1907, of the Arkansas Circuit Court, a judgment was rendered in said cause in favor of Foohs. and the complaint herein was filed by

Bilby on September 18, 1909, to vacate that judgment. Prior to this Bilby had appealed to this court from the judgment, and the judgment of the lower court was affirmed on May 3, 1909, as above stated. Bilby had also made a previous application to the court to set aside the judgment, which on his motion was dismissed without prejudice, and the present complaint was filed within one year thereafter.

The ground upon which Bilby sought to vacate the judgment rendered at the November term, 1907, of the Arkansas Circuit Court was unavoidable casualty which prevented him from appearing at the trial, and the complaint also alleged facts which showed that he had a valid cause of action. The complaint was duly verified, and an affidavit was attached to his complaint stating that Foohs had become a nonresident of the State, and a warning order was issued. At the November term, 1909, of the Arkansas Circuit Court the following judgment was rendered: "Now, on this day this cause comes on for hearing, plaintiff appearing by his attorneys. The court finds that this cause is regularly on the calendar for trial at this term of court, and, same being now reached on the call of the calendar for trial, the court finds that defendant, John Foohs, has been duly served with process of this court for the time and in the manner prescribed by law, and that defendant, John Foohs, and his attorney of record, H. A. Parker, have been each duly notified of the pending of this action, and have actual knowledge thereof, and that the attorney for said John Foohs has submitted a written argument or statement to this court in this cause.

"After hearing the evidence, the court finds that this is a suit to vacate a former judgment of this court rendered at its November term, 1907, on the 13th day of November, 1907, wherein J. S. Bilby was plaintiff and John Foohs was defendant, which judgment is entered in Law Record 'L,' pages 429 and 430 of this court, and further finds that plaintiff herein was represented in said suit by John F. Park, Esq., as attorney of record therein, and that shortly before the rendition of said judgment said John F. Park died, and that said judgment was rendered without the knowledge or consent of said Bilby, the plaintiff herein, or any one for him, and without knowledge on the part of said Bilby that said Park had died, and plaintiff

therefore was without representation therein, and that said Bilby was prevented by unavoidable casualty and misfortune from appearing and prosecuting said cause or being represented therein as he was by right entitled to do. The court further finds that the said Bilby, the plaintiff herein, had and now has a meritorious and valid cause of action in said suit, and that the aforesaid judgment ought to be vacated and set aside and said Bilby permitted to prosecute same, and that for above and other reasons same should be vacated, and the prayer of the complaint herein granted.

"Therefore, the court being well advised, it is considered, ordered and adjudged that said judgment hereinbefore referred to, towit: the judgment in the case of J. S. Bilby *v.* John Foohs, rendered November 13, 1907, and entered in Law Record 'L,' pages 429-430 of this court, be and the same is hereby vacated and set aside, and that the said J. S. Bilby be and he is hereby permitted to prosecute the same as if said judgment had not been rendered, and that the clerk of this court be and he is hereby ordered to reinstate said cause of J. S. Bilby *v.* John Foohs on the docket of this court, and that said cause of J. S. Bilby *v.* John Foohs be and the same is hereby set for trial on the 1st day of the next term of this court."

At the same term of the court John Foohs filed a motion to set aside this judgment, and the court rendered the following judgment: "On this day John Foohs, defendant above named, files his motion to set aside the order of this court rendered in the above-styled cause on November 6, 1909, vacating a previous judgment, and, said motion coming on for hearing and the evidence being heard thereon, the court finds that same should be overruled. Therefore it is considered and adjudged by the court that said motion on this day filed be and the same is hereby overruled, to which action of the court in overruling said motion John Foohs excepts and prays an appeal to the Supreme Court, which is by the court granted, to which act of the court in granting an appeal to the Supreme Court the said J. S. Bilby excepts."

Foohs in his motion to set aside the judgment vacating the former judgment makes all the former proceedings in the case exhibits to his motion, but he filed no bill of exceptions,

and none appears in the transcript. He has brought the case here by appeal.

*H. A. Parker,* for appellant.

A motion to vacate a judgment must be filed, if filed at all, within the time prescribed by section 4432, Kirby's Digest; 60 Ark. 550; 33 Ark. 454; 90 Ark. 171. A judgment of the Supreme Court can not be reviewed, altered or modified by an inferior court except for matters arising after the judgment of the Supreme Court was rendered. 33 Ark. 161. The decision of the Supreme Court in a case is the law of that case. 29 Ark. 174; 13 Ark. 103; 14 Ark. 304; 11 Ark. 151; 22 Ark. 176; 44 Ark. 383; 55 Ark. 609; 56 Ark. 171. The fraud contemplated by the statute must be in the proving of the judgment. 68 Ark. 495; 33 Ark. 575; *Id.* 727; 54 Ark. 539; 73 Ark. 440; 75 Ark. 416; 83 Ark. 508; 90 Ark. 167. Illness of an attorney comes within the purview of section 4431, Kirby's Digest. 85 Ark. 386; 59 Ark. 162. If a party by negligence suffers judgment to go against him, it will not be set aside. 7 Mo. 6; 16 B. Mon. 582. The plaintiff was guilty of laches in applying for a vacation of the judgment. 7 N. Y. S. 490; 13 S. Dak. 648; 84 N. W. 199; 98 Ind. 165; 62 Minn. 18; 63 N. W. 1117; 18 Wash. 387; 51 Pac. 473; 71 Hun 519; 24 N. Y. S. 1031; 15 Ill. 140; 14 Md. 564; 61 Mich. 35; 27 N. W. 877; 18 N. J. L. 217; 95 N. Y. 135; 74 N. Y. S. 409; 1 Den. 268; 190 Pa. 355; 42 Atl. 706; 189 Pa. 474; 42 Atl. 45; 4 R. I. 489; 6 Wis. 164; 110 Wis. 185; 85 N. W. 646; 28 Minn. 132; 9 N. W. 633; 1 How. Pr. 120; 16 *Id.* 129; 100 Ky. 728; 39 S. W. 414; 61 Cal. 292; 20 Pa. Sup. Ct. 227; 39 Minn. 315; 40 N. W. 66; 7 Minn. 325; 47 Minn. 245; 49 N. W. 983; 46 Mo. App. 351; 7 Tex. Civ. App. 539; 27 S. W. 687. A party to a suit must give it the attention of a prudent man. 132 N. C. 312; 117 N. C. 482; 79 N. C. 40; 50 Atl. 537; 107 Ill. App. 175; 169 Ill. 295; 89 Ill. 113; 93 Ind. 583; 60 Minn. 117; 36 S. C. 578; 81 N. C. 293.

*Ingram & Coleman* and *Pettit & Pettit,* for appellee.

The record showing of notice is sufficient. 72 Ark. 265; 63 Ark. 513; Kirby's Dig., § 4425; 25 Ark. 60; 80 Ark. 74; 81 Ark. 427; 76 Ark. 534; 77 Ark. 303; 8 Tex. 295; 30 Tex. 53; 69 N. J. L. 343. The truth of record entries can not be

attacked by bill ·of exceptions. 72 Ark. 320; 85 Ark. 50. A record entry showing "continuance by consent"· shows an appearance by defendant. 66 Ark. 458. The affidavit is sufficient. Kirby's Dig., § 3150; 162 Ill. 133; 7 Abb. Pr. 322; 57 N. Y. S. 975; 40 App. Div. 405; 29 Wash. 576; 70 Pac. 71; 1 Met. (Ky.) 158; 17 B. Mon. 320; 4 Kan. 104; 8 Colo. 144; 3 S. E. 458; 14 Kan. 463; 95 Pac. 391; 41 Ore. 518; 69 Pac. 460; 107 S. W. 605. A delay of thirteen months will not defeat the relief sought. 68 Ark. 205. Any former decision which would have barred appellee should have been pleaded and proved. 65 Ark. 84; 71 Ark. 601. Appellee did not waive his right to have the judgment set aside. 10 Abb. Pr. 448; 37 W. Va. 675; 17 S. E. 184; 93 U. S. 150; 15 Vt. 785; 53 N. Y. 445.

HART, J., (after stating the facts). It is first contended by counsel for appellant that the judgment in favor of Bilby vacating the former judgment is void because no service in the proceeding was had upon Foohs; but he is precluded from raising this question by the recitals of the record that "the attorney for said John Foohs has submitted a written argument or a statement to this court in this cause." "Any action on the part of a defendant, except to object to the jurisdiction, which recognizes· the case as in court will amount to a general appearance." 3 Cyc. 504. "Any taking part in the proceedings will constitute a general appearance." 2 Enc. of Plead. & Prac., p. 639.

Counsel now insists that he only appeared for the purpose of objecting to the jurisdiction of the court over the person of Foohs; but the record does not show that he limited his appearance to that single question. On the contrary, it shows a general appearance. "A general or voluntary appearance is equivalent to service of process, and confers jurisdiction of the person on the court. Hence a defendant is estopped to object to want of such jurisdiction where he has appeared generally, and it is held to be immaterial whether he be a resident or nonresident." 3 Cyc. 515-517. ·

It is not contended by Foohs that the counsel referred to in the record had no authority to enter his appearance. Hence the question of unauthorized appearance does not arise in the case.

It is next insisted by counsel for appellant that, Bilby having appealed from the judgment of the circuit court and the judgment having been affirmed, he was precluded from instituting proceedings to vacate it. This objection is not tenable. The appeal was merely a continuation of the suit below. An appeal does not have the effect of vacating the judgment of the court below. Even where a supersedeas is granted, an appeal does not have the effect of vacating a judgment, but only stays proceedings thereunder. *Miller* v. *Nuckolls,* 76 Ark. 485. If no supersedeas is granted, the judgment of the court below is suspended pending the appeal; and if the cause is reversed, the rights of the parties stand as though no action had ever taken place in the court below. *Harrison* v. *Trader,* 29 Ark. 85. On the other hand, if the judgment is affirmed, the rights of the parties will stand as if no appeal had been taken. Therefore, we do not see how the rights of a party to have a judgment set aside for the grounds set out in section 4431 of Kirby's Digest can be affected by an appeal taken from the judgment. The appeal and the proceedings to set aside the judgment for the grounds mentioned in section 4431, *supra,* are wholly separate and independent proceedings, and are intended to effectuate different purposes. Therefore, it is difficult to perceive how the use of the one remedy will preclude the right to exercise the other.

Again, counsel for appellant urges a reversal on the ground that appellee had filed a prior application to vacate the judgment, but it is conceded that this was dismissed on his own motion without prejudice to a renewal of it, and we have no statute limiting the time within which the moving party must act to bring himself within the terms of section 4431 *supra.* In such cases there can be no objection to a second application. 23 Cyc. 975. Besides, the complaint herein was filed within one year after the former application was dismissed without prejudice on the motion of appellee.

We now come to the main question in the case. Appellee in his complaint to vacate the judgment rendered against him at the November term, 1907, of the Arkansas Circuit Court alleged that he was a nonresident of the State, and that his attendance at the trial was not necessary, and that he was not expected to be present. That the conduct of the case was wholly

in the hands of his attorney. That his attorney became ill and died a short time before the sitting of the court, and that he did not know of the illness and death of his attorney until after the judgment in question had been rendered, and the court had adjourned for the term. He alleged further facts which constituted a valid cause of action in his behalf. The record shows that evidence was heard on the trial of the case. No bill of exceptions was filed, and this was necessary in order to bring into the record the facts proved or admitted on the trial. *Hall* v. *Bonville,* 36 Ark. 491; *Berger* v. *Houghton,* 84 Ark. 342, and cases cited.

Counsel for appellant filed a motion to set aside the judgment obtained by appellee vacating the former judgment. This was done at the same term of the court, and in his motion counsel for appellant by exhibits and other papers filed therewith undertakes to supply a record upon which he bases his right to a reversal of this case. Manifestly, this can not be done. We must review the alleged errors on the record as presented to the lower court; otherwise we might not review the case passed upon by the trial court but a wholly different one.

In the case of *Hurlburt* v. *W. & W. Manufacturing Co.,* 38 Ark. at p. 597, the court said: "It is noted in the record that afterwards, during the same term, the defendants made two several motions, in effect to set aside the default, and tendered an answer. The motions and the answer tendered are set forth in the transcript, but are not incorporated in any bill of exceptions. Whilst it is proper for the record to show that motions of this class were made and acted upon, neither the grounds of the motions recited therein, nor the papers tendered with them, can be received as evidentiary of the facts therein stated. The grounds upon which the court based its discretion can not be known, nor can it be seen whether or not the court abused its discretion, without a bill of exceptions showing the matters set forth in the motions and papers tendered and the proof upon which they are based. It is not the office of the record proper to do that." And for like reason the court held in the case of *Cox* v. *Cooley,* 88 Ark. 350, that a motion for a new trial can not be used, and has never been used, to incorporate anything into the record. See also *Independence County* v. *Tomlinson,* 93 Ark. 382.

This is conclusive of the present case. The errors complained of do not appear from the record itself, and there is nothing presented for our review.

The motion to vacate the judgment under section 4431 *supra* was heard on evidence, and, the evidence which the court heard and on which it acted in setting aside the judgment in question not being brought into the record, we must presume that every fact necessary to sustain the finding and judgment of the court was proved that could have been proved. *Hempstead County* v. *Phillips,* 79 Ark. 263, and cases cited.

"In the absence of a bill of exceptions, it will be presumed that the court's findings of fact were based on the evidence, where there is nothing in the record to rebut that presumption." *Swing* v. *Brinkley Car Works & Manufacturing Co.,* 78 Ark. 198.

The judgment will therefore be affirmed.