SAGER *v.* JUNG & SONS COMPANY.

Opinion delivered April 26, 1920.

1. APPEARANCE—MOTION FOR CONTINUANCE.—Where, after defendant's motion to quash service was overruled, defendant moved for a continuance, such motion amounted to a general appearance, and gave the court jurisdiction.

2. SALES—SPECIAL DAMAGES—NOTICE.—A complaint seeking, as part of the damages for failure to deliver a car of coal, damages to a rice crop by reason of inability of the purchaser to pump water because of lack of coal to make steam, and averring defendant's knowledge of the special damage, *held* sufficient to state a cause of action for such special damage.

Appeal from Arkansas Circuit Court, Northern District; *W. B. Sorrells,* Judge; reversed.

*Geo. C. Lewis,* for appellant.

The court erred in sustaining the demurrer on the ground that the damages to the rice crop were too remote and speculative. The damages sought were special rather than general and were recoverable. 72 Ark. 275. They were not remote and speculative. 17 C. J. 715-716. This case is ruled by 136 Ark. 231. See, also, 24 R. C. L. 77; 35 Cyc. 643.

*Young & Elms,* for appellee.

1. The court had no jurisdiction to render a judgment *in personam.* The service should have been quashed. 214 S. W. 1; 59 Ark. 593; 106 U. S. 350. The service is fatally defective. 59 Ark. 583; 69 *Id.* 429; 84 *Id.* 573; 19 Cyc. 1325; Morawetz on Priv. Corp., § 980; 147 Fed. 419; 8 L. R. A. (N. S.) 537; 139 Fed. 339; 62 Pac. 393; 23 Am. St. 304.

2. The facts were insufficient to constitute a cause of action. 257 Fed. 230; 190 U. S. 540; 128 Ark. 167.

WOOD, J. Appellant brought this action against the appellee to recover damages for an alleged breach of contract. The appellant alleged that he had bought from the appellee two car loads of coal; that one of these cars was not according to the contract; that on that account appellant claimed a reduction of the purchase price; that appellant and appellee compromised their differences in the following manner: The appellant was engaged in growing rice on his farm in Arkansas County; he needed another car of coal to keep his pump in operation. It was agreed that appellant would accept the disputed car of coal and execute his note in payment for same and that the appellee without delay would ship to appellant the third car of coal at the same price and on the same terms as the other two cars; that this settlement for the second car of coal was a material part of the consideration for the agreement entered into between the appellant and appellee for the shipment of the third car of coal.

After setting forth substantially the above, it is alleged in the complaint as follows: "That plaintiff ad-

vised the said defendant that the prompt delivery of the said third car of coal was necessary to enable him to continue pumping, and save the rice crop for the season of 1916, and that, unless same was promptly delivered, this plaintiff would sustain large damages and would hold defendant responsible for the same. That the defendant assured the plaintiff that, in consideration of his acceptance and settlement for the said second car of coal, the third car should be promptly shipped as agreed. That, notwithstanding the said agreement, the defendant failed, refused and neglected to ship the said car. That, relying upon the agreement aforesaid, this plaintiff made no arrangements to procure coal elsewhere, as he might otherwise have done, in time to keep his pumping plant in operation. That, upon being advised of defendant's refusal to carry out its contract as aforesaid, this plaintiff immediately attempted to procure coal elsewhere, and took all necessary and possible steps to keep his pumping plant in operation, but that he was unable to procure fuel therefor for a period of about fourteen days thereafter, and during the height of the pumping season, and was compelled to keep his plant closed down for that length of time for lack of fuel, all on account of defendant's breach of its contract aforesaid.

"Plaintiff says that in order successfully to grow rice it is necessary to keep the ground sown in rice flooded with water all during the growing season. That the water aforesaid is developed from wells, and where said wells are operated by steam plants, as was the plaintiff's in this case, that it is necessary to keep the said plants in operation all during the growing season, as that is the only method by which water can be developed for the purpose aforesaid. That the defendant had sold several hundred cars of coal to the rice pumpers of Arkansas, and was well aware of all the conditions existing in the rice fields thereof in addition to its special knowledge in regard to this plaintiff's condition at the time of the settlement aforesaid. That the plaintiff had planted in rice and ready for water at the time of the agreement

aforesaid, eighty-six acres of rice. That, had the defendant complied with its contract as aforesaid, * * *'' etc.

The complaint concludes with allegations setting forth the damages which appellant alleged he had sustained and with a prayer that he have judgment therefor.

The appellee filed the following motion: ''Comes the defendant, Jung & Sons Company, without entering its appearance herein, and, moving the court to quash the service heretofore had in this cause, states: 'That Jung & Sons Company is a foreign corporation not doing business in the State of Arkansas, and that plaintiff's attempt to serve said corporation by means of a summons was insufficient and illegal, and does not bring said defendant within the jurisdiction of this court.' '' This motion was overruled December 9, 1918.

The next step taken by the appellee was to file the following motion: ''Comes the defendant herein and moves the court to continue this cause for the term and for the reason therefor states: It is unable to obtain the attendance of Mr. E. E. Bostic, who is an important witness in this cause and whose testimony is very material, and that the defendants are unable to proceed to trial without his testimony.''

This motion was filed January 8, 1919, and was granted on the same day. In support of this motion the appellee filed an affidavit of J. C. Jung. This affidavit, among other things, set up that while the motion to quash the service was pending and before the same had been disposed of, the appellee was unable to take any steps to secure the deposition of one Bostic, who was a material witness for the appellee. The affidavit set forth what appellee proposed to prove by the witness Bostic and showed that these facts were material to its defense and that affiant believed that the facts were true.

December 8, 1919, the appellee filed an answer in which he denied specifically the allegations of the complaint as to the contract between the appellee and appellant, and among other things denied: ''That, at the time of the alleged agreement on the part of the defendant

to ship the third car of coal to plaintiff, this defendant was advised in any manner as to what loss would be sustained by the plaintiff in case it should fail to ship said third car of coal; and this defendant states that any damages, if any, which the plaintiff may have suffered by reason of the defendant's failure to ship said third car of coal were and are too indirect and remote to be recoverable in this action or otherwise. The appellee then alleged in substance that it was a foreign corporation and that it had never transacted any business in the State of Arkansas; "that the service of process in this case was secured on J. C. Jung, vice president of the defendant company; that at the time of such service the said J. C. Jung was only temporarily and casually within the State of Arkansas and not on business of this corporation and especially not in the act of transacting the matter set forth in the complaint and upon which plaintiff bases his cause of action; that the service was void and did not give the court jurisdiction of the defendant."

The answer prayed that the cause be dismissed for want of jurisdiction of the person of the appellee.

On December 10, 1919, the cause was heard upon a demurrer to the complaint. The judgment of the court recites: "Upon consideration of said demurrer the court is of the opinion that the same is well taken, and that the damages to the rice crop therein sought to be recovered are remote and speculative and that the plaintiff ought to recover nothing."

The appellant stood upon his complaint. Thereupon, the court entered judgment in favor of the appellee dismissing appellant's action, and for costs. From that judgment is this appeal.

*First.* The appellee contends that the trial court had no jurisdiction to render a judgment against it *in personam* and therefore the court was correct in dismissing appellant's cause of action.

This contention cannot be sustained for the reason that, after appellee's motion to quash the service had been overruled, appellee moved to continue the cause. The rec-

ord recites: "On this day comes the defendant by its at-. torneys, Young & Wilson, and by leave of court file herein motion and affidavit in support of said motion for a continuance in this case," and further recites: "On this day comes on to be heard the motion heretofore filed in this cause asking for a continuance, the plaintiff appearing in person and by his attorney, George C. Lewis, and the defendant appearing by its attorneys, Young & Wilson, and the court, after hearing the argument of counsel and being well and sufficiently advised as to the law and the premises being fully seen, doth grant said motion, and this cause is continued for this term of court."

"Any action on the part of defendant, except to object to the jurisdiction which recognizes the case as in court will amount to a general appearance." 3 Cyc. 504.

"Any taking part in proceedings will constitute a general appearance." 2 Enc. of Plead., p. 639. Quoted in *Foohs* v. *Bilby,* 95 Ark. 302-5.

The recitals of the record show that, after appellant's motion to quash the service had been overruled, the appellee by its motion for continuance treated the case as in court and took part in the proceedings the same as if it had been served with process. It appeared by its attorneys and asked that the case be continued and presented an affidavit of what it expected to prove by an absent witness and setting forth facts which were material on a trial of the merits of the case, and the court granted its motion. The appellee thus voluntarily entered its appearance, and the subsequent proceedings in the case were as regular as if the appellee had been served with process of summons. Appellee does not contend that the attorneys who filed a motion for continuance did not have the authority to do so.

The appellee is, therefore, estopped by the facts as evidenced by the above recitals from asserting that the court had no jurisdiction of its person. *Foohs* v. *Bilby, supra; St. L., I. M. & S. Ry. Co.* v. *Barnes,* 35 Ark. 95; *Epps* v. *Sasby,* 43 Ark. 545; *Wagner* v. *Kellogg,* 92 Mich. 616; *Murat* v. *Hutchinson,* 16 N. J. Law 46; see also

*Pfanton v. Byrun,* 26 S. D. 366; *McCormick Harvesting Machinery Co.* v. *Scott,* 89 N. W. 410; 4 C. J. 1333-4, sec. 27.

*Second.* The appellee next contends that the complaint does not state a cause of action for the recovery of special damages.

Without repeating here the allegations concerning the special damages, we are convinced that they are sufficient on demurrer to show that the parties to the contract as set forth in the complaint contemplated at the time the contract was entered into that, unless the car load of coal was promptly delivered by the appellee, appellant would lose his rice crop for the season of 1916 and would thereby sustain large damages; that appellee had notice of this fact by reason of its general knowledge of the conditions existing in this particular rice belt where irrigation by pumping was rendered necessary and where coal was indispensable as a fuel for creating the necessary steam power to run the pumps. Appellee was also specifically advised by the appellant of the necessity for prompt delivery of the car and what the consequences would be to appellant if appellee should fail to comply with its contract to promptly deliver this car of coal.

The allegations are sufficient on demurrer to justify the conclusion that appellee consented to be bound for the special damages that would result to appellant by reason of appellee's failure to comply with his contract to promptly deliver the car load of coal. Such being the case, a cause of action for special damages was stated according to the doctrine announced by this court in the leading case of *Hooks Smelting Co.* v. *Planters Compress Co.,* 72 Ark. 275; see also *Midland Valley Ry. Co.* v. *Hoffman Coal Co.,* 91 Ark. 180-94; *Harrington* v. *Stone,* 136 Ark. 231-5; *Coal Dist. Power Co.* v. *Katy Coal Co.,* 141 Ark. 337.

The court, therefore, erred in sustaining the demurrer. The judgment is reversed and the cause remanded with directions to overrule the demurrer.

SMITH, J., dissenting.