Bobbie Sue JANNI *v.* Samuel Wayne JANNI

CA 80-394                                         611 S.W. 2d 785

Court of Appeals of Arkansas

Opinion delivered February 18, 1981

*Hardin, Jesson & Dawson*, for appellant.

No brief for appellee.

LAWSON CLONINGER, Judge. This divorce action was filed by appellant Bobbie Sue Janni against appellee Samuel Wayne Janni, asking for absolute divorce, custody of the couple's three children, and for child support. The chancellor awarded appellant a divorce and custody of the children and stated that he would make no specific award with reference to child support, but rather would allow the matter to remain open and permit the amount to be determined at a later date.

The appellant's only point for reversal is that the trial court erred in failing to enter an order directing the appellee to pay a reasonable amount of child support and attorney's fee. She states that the court found it did not have jurisdiction to enter personal orders against the appellee, and she urges

this Court to declare that the chancellor does have personal jurisdiction.

Appellant and appellee were married in 1969 when appellee was in military service at Ft. Chaffee, Arkansas. They lived together in Lawton, Oklahoma, and then for three or four years they lived in Fort Smith, Arkansas. The couple moved to the state of Michigan in 1973 and lived together there until they separated on November 9, 1978. Appellee asked appellant to leave the home and he knew that she and the children would be going to her parents' home in Fort Smith. Appellee remained in Michigan, and has not been to the state of Arkansas since the separation.

Appellant's divorce proceeding was filed on November 26, 1979. Service was obtained upon appellee under the provisions of Ark. Stat. Ann. § 27-339.1 (Repl. 1979), and Ark. Stat. Ann. § 27-2503 (Repl. 1979), by appellant's attorney writing appellee a letter sent by certified mail, enclosing a verified copy of the complaint and summons. The relevant portions of § 27-339.1 provide that, "Any cause of action arising out of acts done in this state by an individual in this state . . . may be sued upon in this state, although the defendant has left the state, by process served upon or mailed to the individual . . . outside the state." That statute further states that the person committing the act shall be deemed to have appointed the secretary of state as his agent for service. Ark. Stat. Ann. § 27-2503 (Repl. 1979), provides that when the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made by any attorney for a party. The notice given by appellant's attorney in this case was sufficient under § 27-339.1 to constitute service on the appellee in "any cause of action arising out of acts done in this state," or it was sufficient under Ark. Stat. Ann. § 27-339 (Repl. 1979) to constitute constructive service.

When appellee did not appear or answer in the trial court, an attorney ad litem was appointed by the court to write appellee at his home in Saginaw, Michigan, advising him of the date set for hearing on the questions of divorce and child support. Appellee did not plead or make any

appearance in the trial court, and has filed no pleading or brief in this Court.

Section 27-339.1, *supra*, provides that any cause of action arising out of acts done by an individual in this state may be sued upon here although the defendant has left the state. The statute is not limited to tort actions, but it specifies any cause of action. *Bunker* v. *Bunker*, 261 Ark. 851, 552 S.W. 2d 641 (1977).

In the *Bunker* case, Mrs. Bunker filed her action for divorce in Arkansas and obtained service on Mr. Bunker, who resided in Louisiana, pursuant to § 27-339.1. The Bunkers were living together in Arkansas at the time of their separation, when Mr. Bunker left Arkansas and apparently changed his domicile to Louisiana. In holding that the trial court had personal jurisdiction over Mr. Bunker, the court said:

> We see no good reason for not recognizing Arkansas's jurisdiction in this case. Arkansas was the Bunkers' last matrimonial domicile. It is the place where Bunkers's asserted wrongful conduct created the cause of action for divorce and alimony. It has continued to be the residence of Mrs. Bunker and the children, where their living expenses must be paid. It is presumably the residence of the witnesses who will be called to testify. Finally, Bunker appears to have left this state voluntarily, creating the possibility of hardship if that conduct on his part deprives Mrs. Bunker of her right to bring her suit in Arkansas. . .

Appellant urges this Court to extend the reasoning of the Arkansas Supreme Court in the *Bunker* case to the facts in this case. This we must decline to do. There are parallels to be drawn between *Bunker* v. *Bunker* and the case now before the Court, but there are two striking differences: (1) In the *Bunker* case, the alleged acts of the husband occurred in this state, whereas in the instant case, the acts of the husband occurred in Michigan, and (2) in the *Bunker* case the last matrimonial domicile of the parties was in this state, whereas in the instant case it was in Michigan. Appellant's reliance upon the

case of *International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945) is not well placed in this case. The Arkansas Supreme Court in the *Bunker* v. *Bunker* case, cited *International Shoe Co.* v. *Washington*, to support the proposition that there was no longer a constitutional limitation upon a state's jurisdiction in a case like *Bunker* v. *Bunker*. It is not necessary to consider the constitutional issue in this case, because our statutes do not purport to extend personal jurisdiction over non-resident defendants such as appellee. The state, through legislation, has chosen to exercise its jurisdiction over resident and non-resident defendants who commit acts in this state giving rise to a cause of action. The appellee in the case now before the Court committed no act in this state giving rise to appellant's cause of action, although he may have committed acts which caused harmful consequences in this state.

It is only a short step to extend the reasoning in *Bunker* v. *Bunker* to the instant case, as contended by appellant, but it is a step that this Court cannot take, and we find that the trial court cannot enter a personal judgment against appellee.

Affirmed.

FOGLEMAN, Special Judge, joins in this opinion.

CORBIN, J., not participating.