158

Richard S. COTTON *v.* Miriam B. COTTON

CA 81-121                               623 S.W. 2d 540

Court of Appeals of Arkansas
Opinion delivered November 12, 1981

*John Biscoe Bingham* of *Hoofman & Bingham, P.A.,* for appellant.

*Davidson, Plastiras, Horne, Hollingsworth & Arnold, P.A.,* for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, Richard S. Cotton, appeals from a decree of the Chancery Court of Pulaski County granting the appellee, Miriam B. Cotton, a divorce, custody of their three children and imposing monetary obligations upon the appellant to pay child support and attorney's fees. He maintains that the trial court had no jurisdiction of the subject matter because of the pendency of a prior action for divorce brought by him in the courts of Bolivia and that the attempt to serve him in Bolivia under Ark. Stat. Ann. § 27-2501, et seq. (Repl. 1973) was ineffective to establish personal jurisdiction as to him.

The parties, both citizens of the United States, were married in Bolivia in 1960 and maintained their marital domicile in that country until their separation in October of 1979. While maintaining their matrimonial domicile in Bolivia, the appellee for the past twelve years had been a regular annual visitor of relatives in Little Rock. On at least one occasion the appellant accompanied her. During the years 1978 and 1979 she remained in Little Rock during the entire months of June through October for the purpose of obtaining for one of her children special schooling and medical treatment, which was not available in Bolivia. During her stay in Little Rock in 1978 the appellant visited her there for a "short time" during which period she testified that he physically and verbally abused her. He did not visit her in this state during her stay in 1979.

She testified that when she returned to Bolivia in October 1979 she found that he had moved from their dwelling and has remained separate and apart from her since that time. She remained in Bolivia until July 1980, when she returned to Little Rock where she has resided with her three children.

On August 14, 1980, the appellant filed suit for divorce against appellee in the courts of Bolivia, in which he represented to the court that he did not know her whereabouts, and prayed that she be notified by publication. Acting on that representation the Bolivian Court entered a decree of divorce on August 18, 1980. The Arkansas chancellor's finding that appellant at all times knew her exact whereabouts and that she never at any time received any notice of those proceedings is fully supported by the evidence.

On September 15, 1980, without any knowledge of the proceedings in Bolivia, appellee brought this action in the Pulaski County Chancery Court for a divorce, custody of the children, support, alimony and attorney's fees. Service was had on appellant by warning order and by delivery to him in Santa Cruz, Bolivia, of a copy of the complaint and summons in the manner provided by statute. An attorney-

ad-litem was duly appointed and fully performed the duties of that office.

Appellant entered a special appearance for the purpose of challenging the jurisdiction of the court over his person as a result of that service, and by subsequent amendment to that motion, in which he preserved his objection, challenged the jurisdiction of the subject matter and requested a continuance in order to obtain those documents from Bolivia deemed necessary to support his motion to dismiss.

The chancellor ruled that there was no action pending in Bolivia because no service was had on the appellant within the sixty day period required by Rule 3, *Arkansas Rules of Civil Procedure;* that the decree of the Bolivian Court was not entitled to full faith and credit, having been obtained by fraud in the procurement thereof; and that it had personal jurisdiction as to the appellant. The appellant stood on his special appearance and took no further part in the proceedings.

After hearing plaintiff's evidence the court granted her a divorce, awarded her custody of the children and ordered the appellant to pay $1500 per month in child support and an attorney's fee of $1250. The court reserved all determination of other property rights and alimony pending this appeal.

We find no merit in appellant's contention that the chancellor erred in not dismissing appellee's complaint because of the pendency in the courts of Santa Cruz, Bolivia, of a similar action between the same parties.

In support of this position appellant relies on *Doss* v. *Taylor,* 244 Ark. 252, 424 S.W. 2d 541 (1968), and similar cases which hold that where different tribunals have *concurrent* jurisdiction of the subject matter, the first to assume and exercise its jurisdiction rightfully acquires control with which other courts should not interfere. While we fully subscribe to that proposition, we cannot agree that the jurisdiction of the Pulaski County Chancery Court was *concurrent* with that of a similar court in a foreign nation or sister state. The jurisdiction of each court arises from a

different source and is completely independent of the other. The jurisdiction of the Bolivian Court is in no wise *concurrent* with that of the courts of Arkansas.

The general rule is that the pendency of an action in the courts of one state or nation is not a bar to the institution of another action between the same parties for the same cause of action in the same courts of another state or nation, nor is it is the duty of the court in which the latter action is brought to stay its proceedings pending determination of the earlier action, even though the court in which the earlier action has been brought has jurisdiction sufficient to dispose of the entire controversy. 24 C.J.S. 585, *Courts*, § 548.

Appellant also cites in support of his position Rule 12 (b) (8), *Arkansas Rules of Civil Procedure*, which permits motion to dismiss on grounds of "pendency of another action between the same parties arising out of the same transaction or occurrence." This rule is identical to former Ark. Stat. Ann. § 27-1115 (3) (Repl. 1962). The court has held that under that former section it is only where the courts have *concurrent* jurisdiction of the same cause that the pendency of the action in one court barred the right to pursue it in another. *Davis* v. *Lawhon,* 186 Ark. 51, 52 S.W. 2d 887 (1932); *Kastor* v. *Elliott,* 77 Ark. 148, 91 S.W. 8 (1905); *Sims* v. *Miller,* 151 Ark. 377, 236 S.W. 2d 828 (1922).

We conclude that the action of the chancellor in maintaining jurisdiction of the subject matter was proper. However, we agree with the appellant that the chancellor erred in ruling that it had personal jurisdiction of the appellant.

The record is not clear as to the basis on which the court determined that it had jurisdiction of appellant's person — whether that jurisdiction was acquired under the so-called "long arm statute" or by virtue of certain pleadings filed in appellant's behalf. We conclude that personal jurisdiction was acquired in neither manner.

At the time this action was commenced appellant appeared specially and filed a motion to dismiss for lack of

jurisdiction of his person. Shortly thereafter, still limiting his appearance, he filed a motion for continuance asserting that he now wished to challenge the jurisdiction of the court based upon the pendency of a divorce action in Bolivia, and needed additional time in which to acquire documents to support his position. At the temporary hearing appellee, relying on *Wood* v. *Wood*, 226 Ark. 52, 287 S.W. 2d 902 (1956), argued that the filing of the motion for continuance effected an entry of appearance by the defendant. Unless a typographical error appears in the record before us, the order entered by the court at that time contained conflicting findings on that point. Section 8 of that order is as follows:

> 8: Over plaintiff's objection, the court finds that the defendant's motion for continuance is not an entry of appearance under the circumstances of this case. Defendant has sought affirmative relief in this court by the entry of his appearance in his motion for continuance filed herein.

While it appears to us that the word "not" was inadvertently left out of the second sentence of that quote, we address that question in view of the absence of that negative. In both the motion to dismiss and for a continuance, the appellant specifically recited that his appearance was special and solely and only for the purpose of contesting the jurisdiction of the court. The motion for continuance did not request affirmative relief. In *Wood* v. *Wood,* supra, mentioned in the arguments before the court, the non-resident defendant filed a motion for continuance without limiting his purpose and was held to have entered his appearance by that pleading. In *Sager* v. *Jung & Sons Co.,* 143 Ark. 506, 220 S.W. 801 (1920) it was held that even though a motion to quash is pending, the filing of a motion for continuance without again limiting the purpose constitutes an effective entry of appearance. However, where each pleading filed by appellant maintains the objection to jurisdiction, retierates that the appearance is limited and special, no such entry is effected. *Booth* v. *Peoples Loan & Investment Co.,* 248 Ark. 1213, 455 S.W. 2d 868 (1970); *Cox Investment Co.* v. *Major Stave Co.,* 128 Ark. 321, 194 S.W. 2d 701 (1917). There is also authority for the proposition that the adoption of Rule 12 (b), *Arkansas Rules*

*of Civil Procedure,* abolished the distinction between general and special appearance where the attack is on the court's jurisdiction. *Products Promotion, Inc.* v. *Cousteau,* 495 Fed. 2d 483 (1974).

The main thrust of appellant's argument to us is that the attempted service upon him under the "long arm statute" was not sufficient to establish jurisdiction of his person.

In support of his position the appellant relies upon our recent decision in *Janni* v. *Janni,* 271 Ark. 953, 611 S.W. 2d 785 (Ark. App. 1981). Appellee contends that the controlling precedent is *Bunker* v. *Bunker,* 261 Ark. 851, 552 S.W. 2d 641 (1977). We agree with the appellant that the facts of this case are more similar to *Janni* than to *Bunker.*

In *Bunker* the court held that the "long arm statute" was not limited to tort actions but extended to any cause of action arising from acts done in this state including matters concerning domestic relations. It declared that whether an exercise of judicial jurisdiction on the basis of acts done in this state is reasonable depends upon the facts of each individual case, and that the principal factors to be considered are the nature and quality of the acts, the extent of the relationship of the defendant to this state, and the degree of inconvenience which would result to the defendant by being forced to stand suit in this state in that particular cause of action.

In *Bunker* that exercise was found reasonable upon findings that the defendant had been a life long resident of this state, attended its university and lived principally in Arkansas during the marriage although the parties had also resided in both Texas and Guatemala. The parties had lived in Arkansas for at least seven months prior to their separation at which time the defendant moved his residence to Louisiana. Thereafter Mrs. Bunker filed suit for divorce in Arkansas on grounds of indignities to her person inflicted by Mr. Bunker while they were domiciled in Arkansas. There the State of Arkansas was Mrs. Bunker's present domicile and the last marital domicile of the parties. In *Janni* we

refused to extend the reasoning of *Bunker* to establish personal jurisdiction over a Michigan resident where the marital domicile of the parties for several years prior to the filing of the action was in the State of Michigan, and the acts stated as grounds for divorce occurred in that state.

In the case at bar it was clearly established that the last marital domicile of these parties was in Bolivia, and that they have never established such a domicile or residence in this state. Appellee testified that during her 1978 visit to Little Rock appellant visited her here for a "short time," during which time he abused her. While those acts did occur within this state, it further appears that she returned to Bolivia and resided with him from October 1978 to June 1979, when she again returned to Little Rock because of the availability of the special attention needed by her son. In October of 1979 she returned to Bolivia. There is no evidence in the record tending to show that she did not then intend to resume the marital relationship but at that time found the appellant had separated himself from her.

Appellee testified that appellant boasted to her of marital infidelity but the record does not disclose when or where he did so. There is no evidence that this took place in Arkansas. There is no evidence of any marital misconduct on the part of the appellant within this state warranting personal jurisdiction. For the reasons stated by this court in *Janni* we conclude that the chancellor did not have jurisdiction to enter an in personam order respecting this appellant.

As the appellant was validly served by publication of warning order, we uphold the decree of the chancellor insofar as it acts in rem, but reverse as to those portions of the decree granting in personam relief against the appellant.

Affirmed in part and reversed in part.