PEARCE *v.* HOLLIS CONSTRUCTION COMPANY.

4-8340                    206 S. W. 2d 15

Opinion delivered December 1, 1947.

*J. F. Williamson,* for appellant.

*J. H. Spears,* for appellee.

SMITH, J. Appellee had a contract with the City of West Memphis to blacktop certain streets in that city, the performance of which required the use of a large quantity of limestone chips and liquid asphalt. These materials were unloaded on a lot referred to as the gin lot, with the permission of the owner thereof, but a considerable quantity of the chips was unloaded on an adjoining lot owned by appellant, and this was done without her knowledge or consent. She testified that she several times requested appellee to remove the chips from her property, and upon his failure to do so, she employed an attorney to compel that action. The attorney renewed the demand that the chips be removed, and when the demand was not complied with, appellant built a fence on her lot which enclosed a quantity of the chips. Thereafter a conference was held between appellant and

her attorney with appellee, which resulted in the execution of the following agreement:

"West Memphis, Ark., 10/28/46

"In consideration of Mrs. Pearce allowing Mr. Hollis to use her property to unload and remove limestone chips now thereon for 30 days from this date Mr. Hollis agrees:

"1.    To blacktop Mrs. Pearce's drive by 2 coats—on Avalon Street in W. Mfs. Ark. to Mrs. Pearce's satisfaction.

"2.    To pay J. F. Williamson his fee of $100.

"3.    To leave said property used for unloading in a good condition satisfactory to Mrs. Pearce and to replace any fence cut or removed by him.

"(Signed) Mrs. M. C. Pearce,
"(Signed) Hollis Const. Co.
"By Charles Hollis."

The $100 fee mentioned was paid the attorney as agreed, but appellee did not at once begin work on appellant's driveway, although he continued to use her lot for storage purposes. She demanded immediate performance of the contract, and appellee graded the driveway to prepare it for blacktopping, but he did not blacktop it, whereupon appellant notified appellee that if he did not begin blacktopping the driveway the next morning, she would file suit against him, and this she did on November 23, 1946.

Appellee testified that before the blacktop is put on it is necessary to get the street or driveway to a proper grade, and in proper condition, and that he graded the driveway and that nothing remained to be done except to apply the blacktop material, and this he intended to do and would have done, but for a suit for damages for breach of contract. He testified that he told appellant he would do the work as soon as he had completed his contract with the city, and that this contract was not completed when the suit was filed, and that there had been

only 17 working days between October 28th, the date of the contract, and November 23rd, the date suit was filed. The testimony shows that appellee's contract with the city had not been completed when the suit was filed.

It was further shown that while employed under his contract with the city, appellee blacktopped the space around certain churches, in front of the Bank of West Memphis, in front of a drug store and a mercantile store, but appellee testified that these spaces thus blacktopped were public property, and in fact a continuation of streets, or parts thereof, and that the work was done at the request of the city, but that he did no work for private individuals during that time.

Appellant insists that if appellee could do this work, he could have and should have done hers, and that appellee should have done her work while he was occupying her premises and within the time granted for such occupancy, but the contract does not so provide.

It was conceded that the work contracted to be performed had not been done, but appellee never at any time refused to do it.

The trial court was of the opinion that appellee had, under the contract, a reasonable time within which to do the work, and we concur in that view. This question of fact was submitted to the jury under the following instruction:

"11. If you find by a fair preponderance of evidence in the case that the defendant failed and refused to blacktop plaintiff's driveway as agreed within a reasonable time after the execution of the contract, or otherwise perform his contract with her according to its terms, then and in that event you should find for the plaintiff."

The verdict of the jury in appellee's favor reflects the finding that the suit had been brought before appellee had been allowed a reasonable time in which to comply with the contract, and the judgment from which is this appeal must therefore be affirmed and it is so ordered; but this is without prejudice to another suit for damages

if appellee does not blacktop the driveway as he contracted to do, and if he does not perform the contract within 30 days from the date of this opinion, appellant may renew her suit.

It is said in the chapter on Actions, 1 R. C. L., page 340, that: ''The general rule is that the plaintiff's right to a recovery depends upon his right at the inception of the suit, and the nonexistence of a cause of action when the suit was started is a fatal defect which cannot be cured by the accrual of a cause pending suit, and that when it has been shown that an action was prematurely brought, it should be dismissed without prejudice to the plaintiff's right to begin a new action on the accrual of the cause of action.''

A number of our own cases announcing the same rule are cited in § 20 of title Actions, Crawford's Digest of the decisions of this court. See also cases cited in Vol. 2, West's Digest of our decisions under the same title.