Edward GREENING *v.* Edward and Jewel NEWMAN

CA 82-46                                      640 S.W.2d 463

Court of Appeals of Arkansas
Opinion delivered October 20, 1982

*Willis V. Lewis* and *James Michael Hankins,* for appellant.

*Dodds, Kidd, Ryan & Moore,* by: *Donald S. Ryan,* for appellees.

LAWSON CLONINGER, Judge. This appeal involves the custody of an eight-year-old child, Holli Elizabeth Greening. After a hearing on the motion for change of custody filed by the father, appellant Edward Greening, the chancellor found that the mother, Karen Greening, had abandoned her rights and was unfit to have custody of the child. The court then found that in the best interest of the child, the maternal grandparents, appellees Edward and Jewel Newman, should have custody.

When the parties were divorced in 1976, the mother, Karen Greening, was awarded custody of Holli Elizabeth, the daughter of the parties, pursuant to a stipulation entered into by the parties. The evidence indicates that Holli Elizabeth is an extremely well adjusted child and has lived with her grandparents, appellees, for more than five years. On April 29, 1981 appellant filed a motion for change of custody, alleging the unfitness of Karen. Karen did not respond to the motion, but her parents, appellees, filed a motion to intervene, alleging the unfitness of both parents and asking that custody of the child be awarded to them. Appellees' motion to intervene was granted and Karen testified in behalf of her parents.

Appellant contends that the trial court erred by placing custody in a third party without specifically finding the father unfit. Arkansas Rules of Civil Procedure, Rule 52 (a) provides that the trial court shall, if requested by a party, in all contested actions tried upon the facts without a jury, find the facts specially, and state separately its conclusions of

law. No request was made of the trial court in this case to find the facts specially, and inasmuch as we try the case *de novo* here, the appellant is not prejudiced. Our determination is that appellees proved by a preponderance of the evidence that appellant was not a fit parent, therefore, the finding of the chancellor that it is in the best interest of the child to continue to live with appellees is not clearly erroneous.

The evidence reveals that appellant began dating Karen when Karen was twelve years old and appellant was nineteen. They were married when Karen was thirteen. There was ample evidence from which the chancellor could have concluded that appellant physically abused Karen, and that Karen was led by appellant into a life of prostitution and drug abuse. There was evidence that appellant had performed homosexual acts on at least two occasions in the presence of Karen. At the close of the testimony the chancellor observed that "There are a lot of things in this case from the testimony that are rather shocking, and a young life was ruined, you might say, and the court is taking all of that into consideration in making its decision." We conclude that Karen's life was the "young life ruined" referred to, and the evidence appears to justify the remark.

There was testimony that appellant had sold LSD to Karen a year before the hearing, but most of the evidence of appellant's misconduct related to incidents which occurred before the divorce of the parties. Appellant argues that the trial court erred in admitting into evidence testimony of incidents occurring prior to the decree of divorce.

The general rule is that if a litigant fails to develop his case fully when it is first heard upon its merits the law does not afford him a second chance by permitting him to bring in additional proof which might have been offered in the first instance. Although the best interest of the child is the controlling point in a child custody case, the Arkansas Supreme Court has held that when a parent fails to produce evidence available to him at one hearing, he cannot rely upon that evidence in a later effort to win a change of custody. *Swindle* v. *Swindle,* 242 Ark. 790, 415 S.W.2d 564

(1967). However, it is also the rule that if the welfare of the child so requires, a decree may be modified without a change of circumstances on the presentation of facts which, although existing at the time of the original decree, were not then presented or considered. *Perkins and Diggs* v. *Perkins,* 266 Ark. 957, 589 S.W.2d 588 (Ark. App. 1979).

In the instant case a consent decree was granted as to the custody of the child, thus the chancellor had never had the opportunity to determine the fitness of the parents. Also, the appellees here were not even parties to the original action. Under the circumstances of this case it was not error for the chancellor to look at conduct prior to the divorce decree in order to determine fitness.

Appellant charges that the chancellor improperly placed the burden of proof on him, the father, as opposed to a third party. A third party who intervenes in a child custody matter has the burden of proving the parents are incompetent or unfit to have custody. *Parks* v. *Crowley,* 221 Ark. 340, 253 S.W.2d 561 (1952). Here, however, the chancellor did not place the burden of proof on appellant. Rather, he made the statement that he was going to hear the entire case and then make his decision. In any event, appellees have sustained their burden of proof in showing that appellant was unfit to have custody.

The judgment of the trial court is affirmed.