Marianne PENDER *v.* Paul PENDER

CA 96-334 945 S.W.2d 395

Court of Appeals of Arkansas
Division IV
Opinion delivered May 21, 1997

*Kenneth G. Fuchs*, for appellant.

*Jesse W. Thompson*, for appellee.

WENDELL L. GRIFFEN, Judge. This is an appeal from an order of the Faulkner County Chancery Court holding that it lacked personal jurisdiction over appellee Paul Pender to divide his military pension, thus failing to grant appellant Marianne Pender that portion of the pension that was marital property. We hold that the chancellor's decision was not clearly erroneous. Therefore, we affirm.

The parties were originally married in 1972. They divorced in Mississippi County, Arkansas, in 1980. Some time later, the couple reconciled and lived together in a common-law marriage in Texas until June 1991 when they separated. Appellant moved to Faulkner County, Arkansas, while appellee moved to Oklahoma. Appellant filed for divorce in the Faulkner County Chancery Court in October 1993, alleging that she served appellee in Oklahoma with the summons and divorce complaint by certified letter. Appellee signed for the certified mail on October 18, 1993, but filed no answer within the thirty-day deadline. The

trial court set a hearing date of January 25, 1994, after which appellant was granted an uncontested divorce, and, among other things, one-half of appellee's military retirement pension. The decree was amended twice to comply with the Air Force's requirements for a qualified domestic relations order, and the last amended decree was filed on September 19, 1994.

On September 22, 1994, appellee filed a motion to set aside the divorce decree and amended divorce decree based upon fraud (alleging that the parties had already been divorced in 1980), and that he was never served with the summons and complaint but did receive other documents by certified mail. The trial court heard this matter on August 25, 1995, taking testimony only on the issue of whether appellee received service of process. After the hearing, the trial court found that appellee had been properly served and ordered the parties to submit briefs on the issue of whether it had jurisdiction to divide appellee's pension. Subsequently the chancellor found that federal law precluded the court from asserting jurisdiction to divide the military retirement benefits, and, therefore, that it lacked personal jurisdiction to divide the military pension. It is from this ruling that appellant appeals.

Appellant first argues that the trial court erred in limiting the testimony regarding appellee's contacts with the state in resolving the issue of whether Arkansas could exercise personal jurisdiction over appellee. Appellant failed to abstract the final order of the trial court containing the rulings from which she has appealed, abstracting nothing past the chancellor's remarks in open court. However, appellee submitted an abstract that cured appellant's deficiencies, thus allowing us to review her appeal. Appellee abstracted the last amended divorce decree, filed of record on November 27, 1995, which included the following findings: that the court had jurisdiction to hear the divorce action and that service of process on appellee was proper; that the court had no personal jurisdiction over appellee; that under U.S.C. § 1408(c)(4), the court had no personal jurisdiction over appellee to divide appellee's military pension; and that under the case of *Janni v. Janni*, 271 Ark. 953, 611 S.W.2d 785 (Ark. App. 1981), the court lacked personal jurisdiction to award further relief to appellant. We will, therefore, address this appeal on the merits, specifically

addressing the issue of whether the trial court erred in limiting testimony on the issue of whether the court had personal jurisdiction over appellee, and whether the trial court erred in finding that it lacked personal jurisdiction over appellee.

■ ■ It is within the trial court's discretion whether to admit testimony, and its decision will not be reversed absent manifest abuse of discretion. *Callahan v. Clark*, 321 Ark. 376, 901 S.W.2d 842 (1995). Appellant asserts that appellee consented to the jurisdiction of the Arkansas courts when he filed a motion to set aside the divorce decree and amended divorce decree. However, 10 U.S.C. § 1408 states in part:

> A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) [dividing and making award to spouse as marital property] unless the court has jurisdiction over the member by a reason of (a) his residence, other than because of military assignment, (b) his domicile in the territorial jurisdiction of the court, or (c) his consent to the jurisdiction of the court.

Appellee is correct in his argument that section 1408 places a strict limitation on the court's exercise of jurisdiction to dispose of his military retirement pay. This federal law preempts the application of Ark. Code Ann. § 16-4-101 (1997), which would determine whether appellee had "minimum contacts" with the state sufficient to confer jurisdiction over his person.

■ In *Southern v. Glenn*, 677 S.W.2d 576 (Tex. Ct. App. 1984), the Texas Court of Appeals held that the "minimum contacts" test does not apply in a suit for the partition of military retirement pay, making the requirements for personal jurisdiction those set out in 10 U.S.C. § 1408(c)(4). *Southern* further held that the fact that a defendant in such a case meets the minimum-contacts test is not determinative on the issue of personal jurisdiction where the defendant does not meet the terms of the federal statute regulating disposition of military retirement pay. *Id.* at 582. Because Congress legislated on a subject within its constitutional parameters and over which it has jurisdiction, the state law must yield when it conflicts with federal law. *Id.* Further, it is well-settled in this state that where limited jurisdiction is conferred by

statute, the construction ought to be strict as to the extent of the jurisdiction, but liberal as to the proceedings. *Woods v. Woods*, 285 Ark. 175, 686 S.W.2d 387 (1985) (citing *Wood v. Wood*, 54 Ark. 172, 178, 15 S.W. 459 (1891)).

 Under 10 U.S.C. § 1408, no jurisdiction could be exercised over appellee unless he was a resident of Arkansas, domiciled in the state, or consented to the jurisdiction of the court. Where appellant was not a resident of Arkansas or domiciled in the state, the issue presented is whether appellee "consented" to jurisdiction in the Arkansas chancery court when he filed a motion to set aside the divorce decree based on fraud and improper service of process.

 Appellant argues that appellee cannot use a "shotgun approach" in "consenting" to the divorce but not to the division of the marital pension. This argument is without merit. Under the doctrine of divisible divorce, appellant could have obtained a dissolution of the marriage without appellee's consent. "Consent" is defined as "a concurrence of wills. Voluntarily yielding the will to the proposition of another; acquiescence or compliance therewith. Agreement; approval; permission . . . ." BLACK'S LAW DICTIONARY 305 (6th ed. 1990). We do not agree that appellee acquiesced to the court's jurisdiction when he filed the motion to set aside the divorce decree. Appellant also contends that appellee waived his objection to personal jurisdiction when he appeared at the hearing on the motion to set aside the decree. Appellant only cites one case in support of this argument, *Ingram v. Wirt*, 314 Ark. 553, 864 S.W.2d 237 (1993), in which "waiver" was defined as:

> Voluntary abandonment or surrender by a capable person of a right known by him to exist, with the intent that he shall forever be deprived of its benefits. It may occur when one, with full knowledge of material facts, does something that is *inconsistent with the right*, or his intention to rely upon that right. (Emphasis added.)

*Id.* at 563, 864 S.W.2d at 243 (citation omitted). Appellee's actions in requesting a hearing on the motion were not inconsistent with his position that there was improper service. Moreover, where appellant cited no convincing authority in support of her

position that appellee consented to the jurisdiction of the court, the trial court will be affirmed on this issue. *Rogers v. Rogers*, 46 Ark. App. 136, 877 S.W.2d 936 (1994).

It is clear that appellee was not a resident of Arkansas or domiciled in Arkansas at any relevant time for the purpose of subjecting his person to the jurisdiction of our courts. Therefore, none of the jurisdictional factors prescribed by the federal statute (residence, domicile, or consent) have been satisfied. The chancellor's decision that he lacked personal jurisdiction to divide appellee's military pension was not clearly erroneous.

Affirmed.

CRABTREE and NEAL, JJ., agree.