Betty J. MORSE *v.* Jerry B. MORSE

CA 97-648                                        961 S.W.2d 777

Court of Appeals of Arkansas
Division I
Opinion delivered February 4, 1998

*Rush, Rush & Cook*, by: *David L. Rush* and *Coy J. Rush, Jr.*, for appellant.

*Kirkman T. Dougherty, Jeanne Ann Whitmire*, and *Michael J. Medlock*, for appellee.

JUDITH ROGERS, Judge.   Appellant Betty Morse appeals from a chancery court decree awarding her ex-husband, appellee Jerry Morse, $46,834 in insurance proceeds.   She also appeals from the dismissal of her counterclaim for abuse of process.   We find no error and affirm.

Appellant and appellee were divorced on August 23, 1995. At the time of their divorce, they owned two parcels of real property in Crawford County.   Under the terms of a property settle-

ment agreement, appellant deeded one of the parcels, a seventy-two-acre tract, to appellee. The agreement also provided, under the section entitled "PERSONAL PROPERTY," as follows:

> 3. To equalize the division of property, Husband shall pay to the Wife to [sic] total sum and amount of $20,000.00. He shall have five (5) years from the date of this agreement to satisfy this debt. Any portion of the $20,000.00 not paid prior to June 28, 2000, shall be immediately due and payable on that date.

Appellant and appellee's marital residence was situated on the seventy-two acres deeded to appellee. Several weeks before appellant and appellee separated, they had procured a homeowner's insurance policy covering the residence and its contents. The policy, issued by Farm Bureau Mutual Insurance Company, listed appellant and appellee as named insureds and was effective for a period beginning June 1, 1995, and ending June 1, 1996. After the divorce, appellee lived in the home and was still living there when, on March 28, 1996, the home was destroyed by fire. Farm Bureau tendered a check in the amount of $46,834 made out to appellant and appellee. However, appellant refused to endorse the check. As a result, appellee filed a petition in Crawford County Chancery Court asking that Farm Bureau be required to interplead the $46,834 into the court registry; that he be declared the owner of the insurance proceeds; and that appellant be held in contempt for her "refusal to comply with the terms of the Property Settlement Agreement and Decree of this Court, as entered of record last year." Appellant answered and filed a counterclaim for abuse of process. Further, she asked that a constructive trust be placed on the insurance proceeds to the extent of the $20,000 owed her under the property settlement agreement. Later, by amended counterclaim, she alleged that she was entitled to half of the insurance proceeds and to immediate payment of the $20,000.

On September 18, 1996, Farm Bureau placed $46,834 into the court registry. Thereafter, a hearing was held, and the chancellor found that the insurance money belonged to appellee since the proceeds were for damage caused to property that appellant had quitclaimed to appellee. The chancellor directed the court clerk to disburse $26,834 to appellee, leaving $20,000 in the court registry. The $20,000 would be disbursed upon a showing that

appellee was using the money to rebuild his residence. The chancellor also granted appellant a lien on the seventy-two acres that would remain in effect until the $20,000 debt was satisfied.[1] Additionally, during the course of the hearing, the chancellor dismissed appellant's abuse of process counterclaim.

■  Appellant's first argument on appeal is that the chancellor erred in not awarding her half of the insurance proceeds. In deciding appeals from chancery courts, we review the evidence *de novo* and reverse only if the chancellor's findings are clearly erroneous. *Roberts v. Feltman*, 55 Ark. App. 142, 932 S.W.2d 781 (1996).

■ ■  Appellant bases her argument upon the contention that a contract of insurance is a personal contract and not a contract running with the property. *See National Bedding and Furniture Indus., Inc. v. Clark*, 252 Ark. 780, 481 S.W.2d 690 (1972); *Whitley v. Irwin*, 250 Ark. 543, 465 S.W.2d 906 (1971). Her statement of the law is correct. However, insurance proceeds are payable to the person insured only if that person has an insurable interest both at the time of making the contract and at the time of the loss. *National Bedding and Furniture Indus., Inc. v. Clark, supra.* Arkansas Code Annotated § 23-79-104(a) (Repl. 1992) provides that a contract of insurance on property is only enforceable for the benefit of one who has an insurable interest in the things insured "at the time of the effectuation of the insurance and at the time of the loss." The statute goes on to define insurable interest as "any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." Ark. Code Ann. § 23-79-104(b) (Repl. 1992).

---

[1] The chancellor actually placed appellant in a better position than she had been in under the original property settlement agreement. We are aware of the rule that, once the parties' agreement is incorporated into the divorce decree, it is not generally subject to modification. *Kennedy v. Kennedy*, 53 Ark. App. 22, 918 S.W.2d 197 (1996). However, since appellee filed no cross-appeal on this issue, we need not discuss it further. Appellate courts are precluded from awarding affirmative relief to the appellee in the absence of a cross-appeal. *Barnhart v. City of Fayetteville*, 321 Ark. 197, 900 S.W.2d 539 (1995).

There is no doubt that appellant had an insurable interest in the property at the time the insurance went into effect. At that point, she and her husband owned the house and were living in it. The question is whether she had an insurable interest in the house on March 28, 1996, when it burned. Under the statute, it is imperative that appellant show an insurable interest not only at the time the insurance went into effect, but at the time the loss occurred. Appellant argues that she had an insurable interest at the time the loss occurred because the destruction of the house diminished her ability to collect the $20,000 appellee owed her under the property settlement agreement. However, the property settlement agreement reveals no connection between the seventy-two acres deeded to appellee and the $20,000 owed to appellant. The agreement does not recite that the real property is security for the $20,000 debt. Further, appellant admitted in her testimony that she had no security for the $20,000 debt. As a result, she is in the position of an ordinary contract creditor. It is generally recognized that a simple contract creditor has no insurable interest in the property of his debtor. 3 COUCH ON INSURANCE 3D § 42:23 at 42-31 (1996); 4 APPLEMAN, INSURANCE LAW AND PRACTICE § 2138 at 57 (1969). Additionally, the term "insurable interest" means an "actual, lawful, and substantial" economic interest in the property. Ark. Code Ann. § 23-79-104(b) (Repl. 1992). The possibility that appellee might have used the home to pay the $20,000 debt is too speculative to give appellant an insurable interest in the house at the time of its destruction.

■ This case is similar to the situation we recently addressed in *Marion v. Town and Country Mutual Insurance Co.*, 59 Ark. App. 120, 952 S.W.2d 681 (1997). In *Marion*, appellant's property was purchased at a foreclosure sale. Appellant filed an appeal from the foreclosure proceedings and obtained an order staying the judgment pending appeal. Shortly thereafter, her property was destroyed by fire. We affirmed the trial court's ruling that appellant had no insurable interest in the property at the time of the fire, saying that, even though appellant still had a possessory interest in the property, the delivery of the commissioner's deed to a buyer had the effect of terminating her insurable interest in the property. Likewise, in this case, appellant deeded the prop-

erty to appellee and, under the terms of the property settlement agreement, "relinquished any and all right, claim or interest she might have in and to said property. . . ." Further, the property was not pledged as security for any debt, nor did appellant have a possessory interest in the property. Under these circumstances, appellant had no insurable interest in her former home at the time it was destroyed.

■ Appellant's second argument is that the chancellor erred in failing to require appellee to pay the $20,000 owed under the property settlement agreement from the proceeds of the insurance policy. Appellant cites no authority for her argument on this issue. Failure to cite convincing legal authority for a point on appeal will result in affirmance of that point. *Pender v. Pender*, 57 Ark. App. 305, 945 S.W.2d 395 (1997). In any event, the agreement recites that appellee has until June 28, 2000, to pay the debt. Any action to recover the $20,000 before that time would be prematurely brought. *See Pearce v. Hollis Constr. Co.*, 212 Ark. 434, 206 S.W.2d 15 (1947); *Winn v. Collins*, 207 Ark. 946, 183 S.W.2d 593 (1944).

Finally, appellant argues that the chancellor erred in dismissing her abuse of process claim. In her second amended counterclaim, appellant attempted to set forth a cause of action for abuse of process in the following manner:

> That the Defendant has fully complied with all orders of this Court, wheresoever and whatsoever, including Quitclaiming the appropriate property to the Plaintiff. Thus, the action by the Plaintiff in suing the Defendant is an abuse of process, and the Defendant is entitled to damages in the sum of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), attorney's fees, and costs.

■ The elements of a claim for abuse of process are: (1) a legal procedure set in motion in proper form, even with probable cause, and even with ultimate success, but, (2) perverted to accomplish an ulterior purpose for which it was not designed, and (3) a willful act in the use of process not proper in the regular conduct of the proceeding. *Cordes v. Outdoor Living Center, Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989). Showing that a vexatious

lawsuit was filed is not enough by itself. There must be a specific abusive use of "process." *McNair v. McNair*, 316 Ark. 299, 870 S.W.2d 756 (1994); *Union Nat'l Bank v. Kutait*, 312 Ark. 14, 846 S.W.2d 652 (1993). Arkansas requires that a pleading that sets forth a claim for relief contain a statement in ordinary and concise language of facts showing that the pleader is entitled to relief. Ark. R. Civ. P. 8(a)(1). Failure to state facts giving rise to the essential elements of a claim should result in dismissal. *Perrodin v. Rooker*, 322 Ark. 117, 908 S.W.2d 85 (1995). Appellant's counterclaim did not recite facts sufficient to sustain her claim. In particular, she did not recite facts which related to the elements necessary to prove abuse of process. Even though it is unclear whether the chancellor based his dismissal on this line of reasoning, a chancellor's decision will be affirmed if correct for any reason. *Synergy Gas Corp. v. H.M. Orsburn & Son, Inc.*, 15 Ark. App. 128, 689 S.W.2d 594 (1985).

Affirmed.

STROUD and NEAL, JJ., agree.

