535 S.E.2d 143

**Steve Jarrett HINSON, Respondent,**

v.

**Marsha Floyd HINSON, Appellant.**

**No. 3212.**

Court of Appeals of South Carolina.

Submitted Jan. 11, 2000.

Decided July 10, 2000.

Brooks P. Goldsmith, of Lancaster, for appellant.

Coreen B. Khoury, of Folks, Khoury & Devenny, of Lancaster, for respondent.

PER CURIAM:

Steve Jarrett Hinson (the husband) brought this action for separate support and maintenance against Marsha Floyd Hinson (the wife). The wife answered and counterclaimed, seeking alimony, equitable division of marital property, and attorney fees. The wife appeals the sufficiency of the family court's award of alimony and the court's refusal to amend its order to provide for disposition of potential casualty insurance proceeds arising from a post-trial fire which destroyed the marital home. We affirm as modified.

## FACTS/PROCEDURAL BACKGROUND

The parties married in November 1985 and separated in September 1997. They have no children. At trial, the husband was thirty-eight years old and the wife was forty-eight years old. The husband is employed and earns a gross monthly income of $3,661. The wife was employed until 1993, when she became disabled and began receiving $699 per month in social security disability benefits. The wife was originally granted disability benefits due to a mental condition. She also suffers from arthritis, lupus, diabetes, and chronic fatigue syndrome, and has been hospitalized on three occasions since the parties' separation. The majority of the wife's $4,900 in yearly medication expenses was covered by insurance provided by the husband's employer. Her Medicare coverage does not pay for prescription medications. The wife is no longer covered under the husband's insurance policy. However, she may obtain three years of separate coverage through the husband's employer for $265.97 per month.

The husband's financial declaration indicates his monthly expenses exceed his net monthly income by approximately

$600. The wife's monthly expenses exceed her monthly disability benefits by approximately $1,200.

The family court awarded the wife $750 per month in alimony and an equal share of the marital estate. On appeal, the wife argues the alimony award is insufficient under the circumstances of the case.

## LAW/ANALYSIS

### I. Alimony

An award of alimony rests within the sound discretion of the family court and will not be disturbed on appeal absent an abuse of discretion. *Williams v. Williams*, 297 S.C. 208, 375 S.E.2d 349 (Ct.App.1988). "Alimony is a substitute for the support which is normally incident to the marital relationship." *Johnson v. Johnson*, 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct.App.1988), *cert. denied*, 298 S.C. 117, 378 S.E.2d 445 (1989). Alimony should ordinarily place the supported spouse, as nearly as is practical, in the same position he or she enjoyed during the marriage. *Id.* It is the family court's duty to make an alimony award "that is fit, equitable and just if the claim is well-founded." *Woodward v. Woodward*, 294 S.C. 210, 217, 363 S.E.2d 413, 417 (Ct.App.1987) (citation omitted).

Factors to be considered in making an alimony award include: (1) duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5) standard of living established during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonably anticipated expenses of the parties; (8) equitable apportionment; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; (12) prior support obligations; and (13) such other factors the court deems relevant. S.C.Code Ann. § 20-3-130(C) (Supp. 1999). No one factor is dispositive. *Lide v. Lide*, 277 S.C. 155, 283 S.E.2d 832 (1981).

Our review of the family court's order reveals a thorough application of the factors relevant to awarding alimony. In arriving at its alimony award, the family court expressly

considered, among other things, the wife's health, medical expenses, inability to earn income in excess of her social security disability benefits, and her award of equitable distribution. After review of the record, we defer to the sound discretion of the family court as to the amount of alimony appropriate under the facts and circumstances of this case.

## II. Potential Insurance Proceeds

■ The wife next argues the family court erred in denying her motion to alter or modify that part of the support order which apportioned the net equity in the marital residence. We agree.

In identifying and apportioning the marital estate, the family court valued the parties' marital residence at $116,000 and determined the parties had accumulated a net equity of $19,000 in the residence. As part of the equitable distribution scheme, the court ordered the marital home sold and the proceeds divided equally between the parties, provided the husband could, at his election, purchase the wife's one-half interest in the marital home for $9,500, payable within forty-five days of the June 16, 1998 order.

Both parties filed post-trial motions. The family court heard the motions on August 25, 1998. At the time of the hearing, the husband had not purchased the wife's interest in the home and the home had been totally destroyed by fire. The home was insured for $162,800. The insurance proceeds had not been paid at the time of the hearing and the parties were notified by their insurance carrier that an investigation indicated the home was destroyed by a fire that was intentionally set. The parties were also notified by South Carolina Law Enforcement Division that the fire was believed to be the result of arson.

The wife moved, pursuant to Rule 60, SCRCP, for amendment of the order of separate maintenance and support to provide for equitable apportionment of any potential insurance proceeds.[1] The family court denied the motion in summary fashion.

---

1. Rule 60 provides a party may be relieved from a judgment, order, or proceeding where "it is no longer equitable that the judgment should have prospective application." Rule 60(b)(5), SCRCP.

It is clear from the order of separate support and maintenance that the family court intended the house be sold and the proceeds equally divided, in the event the husband did not choose to pay the wife $9,500 for her interest in the house within forty-five days of the order. The husband admitted in his brief that he had not paid the wife for her interest within the specified time.

We have no case directly on point in South Carolina. However, there are other jurisdictions which have addressed similar factual circumstances, and which we find to be helpful in reaching a disposition of this issue. In *Corrigan v. Aetna Life & Cas.*, 140 Mich.App. 467, 364 N.W.2d 728 (1985), the court found that one spouse was entitled to all of the proceeds under a fire insurance policy, since the fire which destroyed the property occurred after the other spouse's rights and interests in the property had expired.

In *Morse v. Morse*, 60 Ark.App. 215, 961 S.W.2d 777 (1998), the Arkansas Court of Appeals held that the former wife did not have an insurable interest in the former marital home at the time it was destroyed by fire and thus, was not entitled to any of the insurance proceeds, where she had previously quitclaimed her interest to her former husband as part of their property settlement. The court further found that the wife was not entitled to recover the $20,000 the husband still owed her under the property settlement from the insurance proceeds because the time stated in the settlement for repayment of the debt had not yet expired.

In *Beamer v. Beamer*, 330 Pa.Super. 154, 479 A.2d 485 (1984), the court found the wife was not entitled to reopen the divorce judgment to obtain equitable distribution of the fire insurance proceeds from the marital home, even though the house was insured for more than the value set in the divorce decree, because the wife's interest in the marital home had already been litigated.

In this case, the wife still had an interest in the marital home, as she had not relinquished that interest to the husband. In contrast to the facts in *Beamer*, the amount of that interest had only been finally determined in terms of the manner of its calculation, *i.e.*, through an arms-length sale, absent the purchase of her interest by the husband within 45

days. Unlike *Morse*, the husband did not take advantage of the opportunity to purchase the wife's interest, as provided by the family court. The sale of the real property upon which the house was located as required by the final order will not now include the value of the home, as that has been destroyed by the fire. Under these circumstances we see no reason to exclude the wife's insured interest in the marital home as an asset attributable to her. We conclude the wife's 50% interest in the marital home entitles her to a 50% interest in the insurance proceeds. In our view, the same provisions of the final order that required an equal division of any sale proceeds also require the equal division of any insurance proceeds.

Accordingly, we modify the family court's order to provide, in addition to the sale of the marital property and division of the net proceeds from the sale, that the parties equally divide any insurance proceeds paid as a result of the damage to the marital residence.

## CONCLUSION

The family court's order is

**AFFIRMED AS MODIFIED.**

CURETON, HUFF, and HOWARD, JJ., concur.