**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Anita Renee Boone, Respondent,

v.

Wallace Lee Boone, Jr., Appellant.

Appellate Case No. 2023-001848

_____

Appeal From Richland County
Rosalyn Frierson-Smith, Family Court Judge

_____

Unpublished Opinion No. 2025-UP-215
Submitted June 1, 2025 – Filed July 2, 2025

_____

**AFFIRMED**

_____

James Ross Snell, Jr., of Law Office Of James R. Snell, Jr., LLC, of Lexington, for Appellant.

Anita Renee Boone, of Elgin, pro se.

Yvonne Renee Murray-Boyles, of Columbia, as Guardian ad Litem

_____

**PER CURIAM:** Wallace Lee Boone, Jr. (Husband), appeals the family court's divorce decree finding Anita Renee Boone (Wife) was entitled to a divorce on the statutory ground of one-year of separation and finding Husband was not entitled to

alimony or any portion of Wife's military retirement benefits or Thrift Savings Plan (TSP).  On appeal, Husband argues the family court erred in (1) awarding him no portion of the marital share of Wife's military retirement benefits, (2) awarding him no portion of the marital share of Wife's TSP, and (3) awarding him no portion of alimony.  We affirm pursuant to Rule 220(b), SCACR.[1]

We hold Husband has failed to show the preponderance of the evidence is against the family court's findings in its apportionment of Wife's military retirement benefits and TSP.  *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) (explaining that on appeal from the family court, this court reviews factual and legal issues de novo); *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) (stating this court therefore "has jurisdiction to find facts in accordance with its view of the preponderance of the evidence"); *Tomlinson v. Melton*, 428 S.C. 607, 611, 837 S.E.2d 230, 232 (Ct. App. 2019) ("However, this broad scope of review does not require the appellate court to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony."); *id.* at 611-12, 837 S.E.2d at 232 ("[T]he appellant bears the burden of convincing the appellate court that the family court committed error or that the preponderance of the evidence is against the court's findings.").  Husband argues the family court erred because it noted the main consideration in apportionment was whether Husband contributed to the military retirement benefits; however, the family court has the discretion to decide what weight to assign each factor.  *See Widman v. Widman*, 348 S.C. 97, 111, 557 S.E.2d 693, 700 (Ct. App. 2001) ("The statute vests in the family court the discretion to decide what weight should be assigned to the various factors.").  Further, the family court's findings indicated it considered more than this one factor.  *See id.* at 110-11, 557 S.E.2d at 700 (explaining the statutory factors the family court should consider are: "(1) duration of the marriage, (2) marital misconduct or fault and its effect on the break-up of the marriage, (3) the value of the marital property and the contribution of each spouse to the acquisition or appreciation in value of the marital property, including the contribution of the spouse as homemaker, (4) the income and earning potential of

---

[1] Respondent did not file a brief.  Although this court may take any action it deems proper, including reversal, when a respondent fails to timely file a brief, we believe the record on appeal contains sufficient grounds for this court to affirm.  *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision[,] or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

each spouse and opportunity for future acquisition of assets, (5) the health, both physical and emotional, of each spouse, (6) need of either spouse for additional training or education, (7) the nonmarital property of each spouse, (8) the existence or nonexistence of vested retirement benefits for each spouse, (9) whether alimony has been awarded, (10) desirability of awarding the family home, (11) the tax consequence to each spouse as a result of the apportionment, (12) the existence and extent of any support obligations of either party, (13) liens and encumbrances on marital and separate property and other existing debts, (14) child custody arrangements and obligations, and (15) any other relevant factors as the trial court shall expressly enumerate in its order"). Accordingly, we hold the family court's apportionment of Wife's military retirement benefits and TSP was equitable under the circumstances. *See id.* at 111, 557 S.E.2d at 700 ("On review, this court looks to the fairness of the overall apportionment, and if the end result is equitable, the fact that this court might have weighed specific factors differently than the family court is irrelevant.").

We hold Husband has failed to show the preponderance of the evidence is against the family court's finding that Husband was not entitled to an award of alimony. *See Tomlinson*, 428 S.C. at 611-12, 837 S.E.2d at 232 (explaining that "the appellant bears the burden of convincing the appellate court that the family court committed error or that the preponderance of the evidence is against the court's findings"). Considering the statutory factors pursuant to section 20-3-130(C) of the South Carolina Code (2014), we hold the family court's refusal to grant Husband alimony was appropriate under the circumstances. *See Bojilov v. Bojilov*, 425 S.C. 161, 174, 819 S.E.2d 791, 798 (Ct. App. 2018) ("Alimony should ordinarily place the supported spouse, as nearly as is practical, in the same position he or she enjoyed during the marriage." (quoting *Hinson v. Hinson*, 341 S.C. 574, 577, 535 S.E.2d 143, 144 (Ct. App. 2000))); *id.* at 174-75, 819 S.E.2d at 798-99 ("In making an alimony award, the family court must consider the following statutory factors: (1) the duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5) standard of living established during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonably anticipated expenses of the parties; (8) marital and nonmarital properties of the parties; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; (12) prior support obligations; and (13) any other factors the court considers relevant.").

**AFFIRMED.**[2]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.