**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Paul Eugene Payette, Respondent,

v.

Jennifer Ritchie Payette, Appellant.

Appellate Case No. 2024-000211

———

Appeal From Charleston County
Randall E. McGee, Family Court Judge

———

Unpublished Opinion No. 2026-UP-228
Submitted March 2, 2026 – Filed May 13, 2026

———

**AFFIRMED**

———

Lindsay F. McGee, of McGee Family Law, LLC, of
Mount Pleasant, for Appellant.

Thomas C. Nelson, of Futeral & Nelson, LLC, of Mount
Pleasant, for Respondent.

———

**PER CURIAM:**  Jennifer Ritchie Payette (Wife) appeals the family court's divorce decree finding Paul Eugene Payette (Husband) was entitled to a divorce on the statutory ground of one-year of separation, dividing the marital estate, ordering the marital home to be sold, declining to award Wife alimony, and awarding Husband attorney's fees and costs.  On appeal, Wife argues the family court erred

in (1) failing to properly consider an award of alimony, (2) failing to consider an in-kind distribution of the marital home in apportioning the marital estate, and (3) awarding Husband attorney's fees and costs. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the family court did not err by declining to award Wife alimony. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) ("[D]e novo review allows an appellate court to make its own findings of fact . . . ."); *Stone*, 428 S.C. at 91-92, 833 S.E.2d at 272 ("Even under de novo review, the longstanding principles that trial judges are in superior positions to assess witness credibility and that appellants must show the trial judge erred by ruling against the preponderance of the evidence remain applicable."). Although Wife asserted a financial need for alimony in her answer, she failed to present evidentiary support for her claim. *See Bojilov v. Bojilov*, 425 S.C. 161, 174, 819 S.E.2d 791, 798 (Ct. App. 2018) ("Alimony should ordinarily place the supported spouse, as nearly as is practical, in the same position he or she enjoyed during the marriage." (quoting *Hinson v. Hinson*, 341 S.C. 574, 577, 535 S.E.2d 143, 144 (Ct. App. 2000))); *id.* at 174-75, 819 S.E.2d at 798-99 ("In making an alimony award, the family court must consider the following statutory factors: (1) the duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5) standard of living established during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonably anticipated expenses of the parties; (8) marital and nonmarital properties of the parties; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; (12) prior support obligations; and (13) any other factors the court considers relevant."); *Scherba v. Scherba*, Op. No. 6128 (S.C. Ct. App. filed Mar. 18, 2026) (Howard Adv. Sh. No. 11 at 50) ("Alimony is based on both the supporting spouse's ability to pay *and* the supported spouse's demonstrated need.").

2. We hold the family court did not err in failing to consider an in-kind distribution of the marital home to Wife. *See Stone*, 428 S.C. at 91, 833 S.E.2d at 272 ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *id.* at 91-92, 833 S.E.2d at 272 ("Even under de novo review, the longstanding principles that trial judges are in superior positions to assess witness credibility and that appellants must show the trial judge erred by ruling against the preponderance of the evidence remain applicable."). The uncontroverted evidence at trial demonstrated that a substantial portion of the

marital estate consisted of retirement accounts and other non-liquid assets; therefore, an in-kind distribution of the home was not financially feasible. *See* S.C. Code Ann. § 20-3-620(B) (2014) (enumerating fifteen factors the family court must consider when apportioning the marital property); *Widman v. Widman*, 348 S.C. 97, 111, 557 S.E.2d 693, 700 (Ct. App. 2001) ("On review, this court looks to the fairness of the overall apportionment, and if the end result is equitable, the fact that this court might have weighed specific factors differently than the family court is irrelevant."); *Wooten v. Wooten*, 364 S.C. 532, 542, 615 S.E.2d 98, 103 (2005) ("In order to effect an equitable apportionment, the family court may require the sale of marital property and a division of the proceeds."); *Nasser-Moghaddassi v. Moghaddassi*, 364 S.C. 182, 202-03, 612 S.E.2d 707, 718 (Ct. App. 2005) ("Although the court is generally required to attempt an in-kind distribution of assets, an in-kind distribution of the marital home is not feasible."); *id.* at 203, 612 S.E.2d at 718 ("[T]he court may either award the home to one of the parties, or order the home sold and the proceeds distributed.").

3.  Wife argued this court should reverse or modify Husband's attorney's fees award in the event it reverses the substantive result of the family court's order. Because we affirm the determinations of the family court, we also affirm the award of attorney's fees to Husband. *See E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; (4) effect of the attorney's fee on each party's standard of living."); *Weller v. Weller*, 434 S.C. 530, 543, 863 S.E.2d 835, 841-42 (Ct. App. 2021) (affirming the award of attorney's fees and costs when the appellant's challenge to the award was dependent on reversal of the underlying order, and the appellate court affirmed on all grounds).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.